THE BRANDI LAW FIRM
THOMAS J. BRANDI (CA Bar No. 53208)
TERENCE D. EDWARDS (CA Bar No. 168095)
BRIAN J. MALLOY (CA Bar No. 234882)
354 Pine Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 989-1800
Facsimile: (415) 707-2024
Email: tjb@brandilaw.com

LAW OFFICE OF DAVID C. FEOLA, P.C.
DAVID C. FEOLA* (CO Bar No. 18789)
29025-D Upper Bear Creek Road
Evergreen, CO 80439
Phone: (303) 674-7000, Ext. 14
Fax:     (303) 674-6684
Email:  David@Feolalaw.com

*Pro hac vice application forthcoming*

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIE CAMPANELLI, SABRINA ANDERSON and NANCY SMITH, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE HERSHEY COMPANY, A Delaware Corporation,<br><br>Defendant. | Case No.:<br><br>**COLLECTIVE AND CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**<br><br>**DEMAND FOR JURY TRIAL** |



## INTRODUCTION

Plaintiffs Julie Campanelli ("Ms. Campanelli"), Sabrina Anderson ("Ms. Anderson") (together, "California Plaintiffs") and Nancy Smith ("Ms. Smith") (all together, "Plaintiffs") complain as follows against Defendant The Hershey Company, a Delaware Corporation ("Hershey"), on their own behalf and on behalf of all others similarly situated.

## OVERVIEW

1.      Though Hershey's executives annually pocket tens of millions of dollars in compensation and benefits, Hershey has at the same time refused to honor its legal obligation to comply with federal and state overtime pay and other wage laws, systemically depriving hundreds of past and present sales workers of sorely needed compensation for any and all time they were demanded to work over forty hours per week.

2.      This action is therefore brought to obtain injunctive, declaratory and monetary relief arising from Hershey's massive, long-term violations of the Plaintiffs' and other sales force workers' federally and state law protected right to receive compensation for hours worked in excess of forty (40) hours per week.

## PARTIES

3.      Ms. Campanelli is a former Hershey sales representative who at all relevant times resided in San Francisco County and Contra Costa County, California, covering sales territories which included San Francisco, Marin, Santa Clara, San Mateo, Sonoma and Napa counties.

4.      Ms. Anderson is a former Hershey sales representative who resided in Fresno, California, covering sales territories which included Fresno, Tulare, Modesto, and Stanislaus counties.

5.      Ms. Smith is a former Hershey sales force representative who resided and worked for Hershey in Charlotte, North Carolina and previously, in Tennessee, covering sales territories in those areas.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

6.      Hershey, a Delaware corporation with its principal place of business in Pennsylvania, is a multi-national producer of chocolate and non-chocolate confectionary products.  Its operations include the manufacturing, marketing and sales of these products.

7.      Hershey is authorized to do business in California according to its California registrations, as well as, on information and belief, the balance of the United States.  Plaintiffs are informed and believe, and accordingly allege, that defendant Hershey is and was at all relevant times herein, authorized to do, and had regularly, continually and systematically done business in the State of California, including the City and County of San Francisco.

8.      Those similarly situated are past and present Hershey sales force workers who were subjected to an unlawful pattern, practice and scheme of past, present and ongoing violations of the state and federal wage and overtime laws.

## JURISDICTION AND VENUE

9.      The Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 over the Plaintiffs and putative collective action members' federal Fair Labor Standards Act ("FLSA") claims.

10.     The Court has diversity of citizenship subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) and pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), over the California Plaintiffs' state wage and overtime claims.  In addition, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the California Plaintiffs' state law wage and hour claims.

11.     Venue is proper in this Court, as the California Plaintiffs resided or worked within the Court's jurisdictional bounds during the legal violations set forth here, Hershey's violations of state and federal law occurred within the Court's jurisdictional bounds, and because the California Plaintiffs, along with Ms. Smith, have chosen this forum in which to litigate their claims.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

## INTRADISTRICT ASSIGNMENT

12.     This action is appropriately assigned in the San Francisco Division because plaintiff Campanelli at all relevant times herein resided in San Francisco and Contra Costa County and, at all relevant times herein, covered sales territories for Hershey which included San Francisco, Marin, San Mateo, Sonoma and Napa counties.  Moreover, Plaintiffs are informed and believe that defendant Hershey is and was at all relevant times herein, authorized to do, and had regularly, continually and systematically done business in the State of California, including the City and County of San Francisco.

## GENERAL ALLEGATIONS

13.     In order to be exempt from California and federal overtime laws, "outside" salespersons must be primarily engaged in actually selling products or services.  If not, then they are entitled to time and a half for all time they work over forty hours per week.

14.     Prior to 2003 Hershey's salespersons actually sold Hershey products.  Accordingly, Plaintiffs do not challenge in this action whether they and other Hershey salespersons were properly classified under California or federal law through 2002.

15.     However, in 2003 Hershey conducted a major restructuring of its domestic sales force, involving, among other things, a "realignment" of the sales force.

16.     As part of this realignment the function of selling to Hershey's major customers such as, for example, WalMart and chain grocery stores were centralized.

17.     Hershey also implemented in 2003 what was known as "Project Rex," in which Hershey developed a hand-held PDA ("Rex PDA") that it distributed to the sales force.

18.     When rolled out, in 2004, the Rex PDA was regularly programmed to dictate to the sales force members what they were to do within each customer's place of business, from when they arrived to when they departed.

4

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

19.    Hershey also reduced the number of sales regions and generally increased the territories for each as part of the realignment.

20.    At the same time, Hershey mandated that its sales force workers be physically present at the first customer by 7:00 a.m. and were to be at the last customer visit at the end of the business day, taking no account of all the travel time between.

21.    Hershey also made clear to the sales force workers that it was no longer their job to sell Hershey products; instead, the sales plans between Hershey and the customers were negotiated by sales executives and managers.

22.    Hershey identified virtually every task that its sales force workers were to perform, and these tasks nearly all fell within the general responsibility of what is known in the food and snack industry as "merchandising."

23.    For example and illustration, if Ms. Campanelli went into a WalMart in the Bay Area and saw that the inventory of "Reese's Peanut Butter Cups" in the designated shelf area was low, she would first arrange them in terms of freshness, and would then fill what was needed from a pallet of Hershey goods located within the store.

24.    Other than such rotation of merchandise, from 2004 on the sales force workers chiefly made sure that marketing and pricing materials were in place, updated and accurate.

25.    Once they returned to their home-based offices each work day or fortnight, the Hershey sales force workers were required to download and transmit information and data to Hershey headquarters, engage in other administrative tasks and reporting, and administratively prepare for the following day.

26.    From 2004 through the present the California Plaintiffs and the other Hershey sales force workers residing and working in California have spent far, far less than half their working time selling or obtaining orders or contracts for Hershey products.

27.    From 2004 through the present the Plaintiffs and the other Hershey sales force workers

5

residing and working in the United States have not had as their primary duty making sales or obtaining contracts or orders.

28.    Instead, a very small percentage of their working time, if any, could be considered as selling or obtaining orders or contracts for Hershey products.  As of 2003 through the present, Hershey's sales force workers were glorified merchandisers.

29.    Hershey has classified Plaintiffs and all other similarly situated sales force workers as exempt from California and federal overtime compensation laws from 2003 through the present.

30.    Hershey has not paid Plaintiffs or any other similarly situated sales force workers for any of the time they have worked more than forty hours per week from 2003 through the present.

31.    Hershey did not pay Plaintiffs or the similarly situated sales force workers any overtime compensation for any of the time they spent traveling to, from and between customer visits from 2003 through the present.

32.    Hershey did not pay Plaintiffs or the similarly situated sales force workers any overtime compensation for any of the time they spent performing administrative tasks after hours from 2003 through the present.

33.    Hershey knew or should have known that the changes it made to the sales worker positions in 2003 would require that these workers be classified as non-exempt under the California and federal overtime laws.

34.    Hershey knew or should have known that fundamentally reducing, if not completely eliminating, sales functions from these positions would require that these workers be classified as non-exempt under California and federal overtime laws.

35.    Further, several of the highest level executives at Hershey in 2003 and 2004 and since then, including the former President and CEO, Richard H. Lenny, and then Senior VP Sales, David West, now the Hershey President and CEO, were previously executives at Nabisco, Inc.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

36.    In 1999, when Lenny and West were each at Nabisco, the United States Department of Labor, Employment Standards Administration (USDOL), brought an enforcement action against Nabisco, contending that Nabisco had misclassified over 3,000 sales representatives as exempt from the FLSA overtime provisions.

37.    The violations found by the USDOL related to Nabisco failing to pay the sales representatives overtime under the so-called "outside sales" exemption even though these sales representatives spent most of their time engaged in merchandising activity, as opposed to sales activity.

38.    Nabisco resolved the enforcement action by properly classifying the work, creating two positions (outside sales and merchandising), changing its rules, and paying $5,000,000 to the affected workers.

39.    Though actually aware of the difference between positions which are primarily engaged in merchandising versus sales, and the affect that these differences had on first-line field sales force workers, when these same executives oversaw the identified "realignment" changes at Hershey they appear to have taken no steps to ensure that, this time, the overtime rights of the Hershey sales workers were enforced.

40.    Instead, Hershey failed to reclassify them or pay them the overtime compensation they were and are owed.

41.    Hershey's violations of the California and federal overtime laws relative to its sales force workers are and were always knowing and willful.

42.    The Plaintiffs and all those similarly situated have been severely damaged by Hershey's longstanding and ongoing violations of the California and federal overtime laws.

43.    Beyond that Hershey's executives actually knew that the restructuring changes would necessarily leave Hershey salespersons as non-exempt merchandisers (while at the same time they made ever increasing time demands), Hershey's management team dissembled to cover up and mislead the sales force on their status.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

44.     As the increasing overtime demands from the restructuring became clear to the Hershey sales force, there were complaints.  In fact, the Plaintiffs reported to their chain of command that the restructured position and its demands were leading to ever increasing hours traveling and doing administrative work.  The Plaintiffs asked why they were not getting extra compensation for this extra time. In response Hershey's executives and management team did not tell the workers that they were actually entitled to overtime for all of these additional hours.

45.     Hershey's executives and management team also did not post or otherwise advise its field sales work force of the legal requirements of overtime through posting these requirements, or otherwise publishing them to the field sales force.

46.     Field managers were aware of the workers' concerns about all the extra time required in the sales positions due to the restructuring.  When they reported these concerns up their chain of command they were falsely told that the salespersons were exempt and not entitled to overtime, and that they were to not pay any overtime to the sales representatives.

47.     These efforts to cover up the fact that overtime was, in fact, owed to the field sales representatives, was designed to and had the affect of purposely lulling hundreds of workers owed overtime into inaction. Hershey therefore cannot be heard to complain that any of these deceived workers waiting too long to long to pursue their legal rights.

## INDIVIDUAL ALLEGATIONS

48.     Ms. Campanelli was employed by Hershey from March 2002 through March 2006 as a sales representative.  Her territories included San Francisco, Marin, Santa Clara, San Mateo, Sonoma and Napa counties.  From 2003 forward, Ms. Campanelli was required by Hershey to perform tasks that nearly all fell within the general responsibility of merchandising and was not primarily engaged in actually selling products or services and spent substantially less than half of her working time selling or obtaining orders or contracts for Hershey products.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

49.    From 2003 through the time she resigned out of frustration with Hershey's changes to her position and responsibilities, Ms. Campanelli worked for more than forty hours per week and was denied meals and rest periods.  Hershey never paid Ms. Campanelli any overtime compensation for any of the time she worked over forty hours per week.

50.    Ms. Anderson was employed by Hershey from 2004 through May 2007 as a sales representative.  Her territories included Fresno, Tulare, Modesto, and Stanislaus counties.  For her entire time period at Hershey, Ms. Anderson was required by Hershey to perform tasks that nearly all fell within the general responsibility of merchandising and was not primarily engaged in actually selling products or services and spent substantially less than half of her working time selling or obtaining orders or contracts for Hershey products.

51.    From 2004 through the time she resigned out of frustration with Hershey's changes to her position and responsibilities, Ms. Anderson worked for more than forty hours per week and was denied meal and rest periods.  Hershey never paid Ms. Anderson any overtime compensation for any of the time she worked over forty hours per week.

52.    Ms. Smith was employed by Hershey from 1990 until April 2007.  Ms. Smith worked for Hershey in Charlotte, North Carolina and prior to that in Tennessee, covering sales territories in those areas. Beginning in 2003, while Ms. Smith was employed as a sales representative, Hershey made changes to her salesperson position.

53.    From 2003 forward, Ms. Smith was required by Hershey to perform tasks that nearly all fell within the general responsibility of merchandising and was not primarily engaged in actually selling products or services and spent substantially less than half of her working time selling or obtaining orders or contracts for Hershey products.  During this time period, Ms. Smith worked for more than forty hours per week.  Hershey never paid Ms. Smith any overtime compensation for any of the time she worked over forty hours per week.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

54.     Pursuant to 29 U.S.C. § 216(b) and Federal Rules of Civil Procedure, Rule 23, Plaintiffs brings this action on their own behalf, and on behalf of all others similarly situated.

55.     "National Plaintiff Class" shall consist of: all salespersons employed by Hershey anywhere in the United States of America from January 1, 2004 to the present. "California Plaintiff Subclass" shall consist of: all salespersons employed by Hershey in the State of California from January 1, 2004 to the present.

56.     Hershey has engaged in a pattern and practice of misclassifying salespersons as exempt from federal and state overtime laws and requiring salespersons to work in excess of forty hours per week without overtime compensation, even though these salespersons are not primarily engaged in actually selling products or services and spent substantially less than half of their working time selling or obtaining orders or contracts for Hershey products.

57.     Plaintiffs are unable to state the precise number of potential members of the National Plaintiff Class and California Plaintiff Subclass because that information is in the possession of Hershey. Plaintiffs are informed and believe and thereon alleges that the National Plaintiff Class and California Plaintiff Subclass numbers are so numerous that the joinder of each member of the class would be impracticable. The exact size of the National Plaintiff Class and California Plaintiff Subclass and the identity of the members thereof, would be readily ascertainable from the business records of defendants.

58.     There is a well defined community of interest in the questions of law and fact affecting the National Plaintiff Class and California Plaintiff Subclass. Plaintiffs' claims against Hershey involve questions of common or general interest. The questions of law and fact common to the National Plaintiff Class and California Plaintiff Subclass that predominate over questions affecting only individual members include, *inter alia*, the following:

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

a.  Whether Plaintiffs and members of the National Plaintiff Class were primarily engaged in selling products or services for Hershey;

b.  Whether Plaintiffs and members of the National Plaintiff Class were properly classified as "outside salespersons" exempt from federal overtime laws;

c.  Whether California Plaintiffs and members of the California Plaintiff Subclass spent less than half of their working time selling products or services for Hershey;

d.  Whether the California Plaintiffs and members of the California Plaintiff Subclass were properly classified as "outside salespersons" exempt from California wage and overtime laws;

e.  Whether plaintiff or other members of the Plaintiff Class were injured in their money or property by reason of the unlawful, unfair and/or fraudulent conduct of Hershey and the class-wide measure of damages; and

f.  Whether plaintiff and the other members of the Plaintiff Class are entitled to injunctive relief and restitution.

59.  These questions are such that proof of a state of facts common to the members of the class will entitle each member of the class to the relief requested in this complaint.

60.  A collective and class action is superior to other methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, the members of the National Plaintiff Class and California Plaintiff Subclass have no plain, speedy, or adequate remedy at law against Hershey, other than by maintenance of this collective and class action, because Plaintiffs are informed and believes, and on the basis of that information and belief alleges, that the damage to each member of the class is relatively small, and that it would be economically infeasible to seek recovery against Hershey other than by a collective and class action.  There will be no real difficulty in the management of this litigation as a collective and class action.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

61.    Plaintiffs will fairly and adequately represent the interests of the National Plaintiff Class and California Plaintiff Subclass, because the Plaintiffs are members of the National Plaintiff Class and the California Plaintiffs are members of the California Plaintiff Subclass, Plaintiffs' claims are typical of those in the class and subclass.

62.    Plaintiffs have incurred, and will continue to incur, expenses for costs and attorney fees necessary for the investigation and prosecution of this action.  Those attorney fees and other expenditures will result in a benefit to all members of the National Plaintiff Class and California Plaintiff Subclass.

### FIRST CAUSE OF ACTION
**Violation of the Fair Labor Standards Act**
**(Brought By Plaintiffs and the National Plaintiff Class Against Defendant)**

63.    Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

64.    At all relevant times, Hershey has been and is an employer engaged in commerce as those terms are defined in 29 U.S.C. § 203(b), (d).   As such, Hershey employed members of the National Plaintiff Class as non-exempt "outside salespersons," employment which engaged the employees in commerce as those terms are defined in 29 U.S.C. § 203(b), (e), (g) and 29 U.S.C. § 207(a)(1).  At all times relevant, Hershey has been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(1).

65.    Plaintiffs are informed and believe, and thereon allege, that Hershey has required Plaintiffs and members of the National Plaintiff Class, as part of their employment, to work without additional compensation, such as overtime, in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1), which provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees . . . for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

12

66.    In fact, in the performance of their duties for Hershey, Plaintiffs and the National Plaintiff Class often did work over forty hours per week, yet they did not receive overtime compensation requires by the FLSA, 29 U.S.C. § 207 for the work, labor and services they provided to defendant Hershey.  The precise number of hours will be proven at trial.

67.    Defendant's conduct in violating 29 U.S.C. § 207 is unlawful under 29 U.S.C. § 215(a)(2), which provides:

> [I]t shall be unlawful for any person—(2) to violate any of the provisions of . . . section 207 of this title, or any of the provisions of any regulation or order of the Secretary issued under section 214 of this title.

68.    The representative Plaintiffs propose to take appropriate proceedings to members of the National Plaintiff Class aggrieved by Hershey's unlawful conduct notified of the pendency of this action and join this action as plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents to joinder with the Court.

69.    Plaintiffs incorporate by reference the written consent of joinder by Ms. Campanelli, Ms. Anderson, and Ms. Smith, which are attached to the Complaint Exhibits A, B and C, respectively.

70.    Defendant's violations of the FLSA were willful.

71.    As a result of the foregoing, Plaintiffs seek judgment against Defendant on their own behalf, and on behalf of those members of the National Plaintiff Class similarly situated who file written consent to joinder in this action, for all unpaid wages, including overtime wages owed by Defendant to the Plaintiffs and the National Plaintiff Class, pursuant to 29 U.S.C. § 207, together with an award of an additional equal amount as liquidated damages , and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b).

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

## SECOND CAUSE OF ACTION
### Declaratory Relief
**(Brought By Plaintiffs and the National Plaintiff Class Against Defendant)**

72.     An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that Plaintiffs contend that defendant Hershey wrongfully misclassified Plaintiffs and the National Plaintiff Class as "outside salespersons" and failed to pay overtime compensation in violation of the FLSA.

73.     Plaintiffs desire a declaration as to the validity of defendant's classification of Plaintiffs and the National Plaintiff Class as "outside salespersons" exempt from the FLSA.  A judicial declaration is necessary and appropriate at this time so that Plaintiffs may ascertain their rights and duties, and those of other affected persons in regard to their entitlement to overtime compensation and other appropriate relief.

## THIRD CAUSE OF ACTION
### Violation of California Wage Orders and Labor Code
**(Brought By California Plaintiffs and the California Plaintiff Subclass Against Defendant)**

74.     California Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

75.     During the time period beginning January 2004 and continuing through the present, the California Plaintiffs and the California Plaintiff Subclass were employed by and did perform work for Hershey, often in excess of eight hours in a workday and/or forty hours in a workweek.  The precise number of hours will be proven at trial.

76.     During said time period, Hershey refused to compensate the California Plaintiffs and the California Plaintiff Subclass for some and/or all of the wages, including overtime wages earned, in violation of the California Labor Code and IWC Wage Orders.

77.     Moreover, during said time period, many of the California Plaintiff Subclass herein were employed by and were thereafter terminated or resigned from their positions with Hershey, yet were not

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

paid all wages due upon said termination or within seventy-two hours of said resignation of employment therefrom.  Said non-payment of all wages due was the direct and proximate result of a willful refusal to do so by Defendant.

78.    At all relevant times, Defendant was aware of and was under a duty to comply with various provisions of the California Labor Code and/or Wage Orders issued by the Industrial Welfare Commission ("IWC"), including but not limited to:

a.  Labor Code § 201(a): "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

b.  Labor Code § 202(a): "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

c.  Labor Code § 203: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

d.  Labor Code § 510(a):  "Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

e.  Labor Code § 1198: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

f.  IWC Wage Order 7-2001(3)(A):  "[E]mployees shall not be employed more than eight (8) hours in any workday or more than forty (40) hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. [. . .] Employment beyond eight (8) hours in any workday or more titan six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: (a) One ne and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours on tile seventh (7[th])

15

consecutive day of work in a workweek; and (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

79.     At all relevant times, Defendant was aware of and was under a duty to comply with various additional provisions of the California Labor Code and/or Wage Orders issued by the IWC as cited and discussed elsewhere in this Complaint.

80.     By refusing to compensate the California Plaintiffs and the California Plaintiff Subclass for all wages earned, Defendant violated those California Labor Code and IWC Wage Order provisions, cited herein.  Defendant's violations of those California Labor Code and IWC Wage Order provisions were willful.

81.     In addition, California Labor Code § 512(a) provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

82.     At all relevant times, Defendant was aware of and was under a duty to comply with California Labor Code § 512.

83.     California Labor Code § 226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

84.     At all relevant times, Defendant was aware of and was under a duty to comply with California Labor Code § 226.7.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

85.  IWC Wage Order No. 7-2001(11) and (12) also mandate that employers provide all applicable mean and/or rest periods.

86.  IWC Wage Order No. 7-2001(11) provides:

(A)  No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . . (B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes . . . (D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

87.  IWC Wage Order No. 7-2001(12) provides:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof . . . (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

88.  At all relevant times, Defendant was aware of and was under a duty to comply with IWC Wage Order No. 7-2001(11) and (12).

89.  By failing to consistently provide uninterrupted rest periods and/or thirty-minute meal periods to the California Plaintiffs and the California Plaintiff Subclass, Defendant violated these California Labor Code and IWC Wage Order provisions.  Defendant's violations of those California Labor Code and IWC Wage Order provisions were willful.

90.  In addition, California Labor Code § 226(a) provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, . . . (8) the name and address of the legal

17
COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

91.    Moreover, California Labor Code § 1174 provides:

Every person employing labor in this state shall . . . (d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

IWC Wage Order 7-2001(7) also provide for this documentation requirement.

92.    At all relevant times, Defendant was aware of and was under a duty to comply with California Labor Code §§ 226(a) and 1174(d) and IWC Wage Order 7-2001(7).  Nevertheless, Defendant failed to provide timely, accurate itemized wage statements to the California Plaintiffs and the California Plaintiff Subclass.  None of the statements provided by Defendant has accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions of such members of the California Plaintiff Subclass.  Defendant's violations of those California Labor Code and IWC Wage Order provisions were willful.

93.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the California Plaintiffs and the California Plaintiff Subclass have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant, in an amount to be established at trial.  As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, the California Plaintiffs and California Plaintiff Subclass are entitled to recover "waiting time" penalties/wages, in an amount to be established at trial, costs and attorneys' fees, pursuant to statute.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

## FOURTH CAUSE OF ACTION
### California Business and Professions Code §§ 17200, *et seq*.
### (Brought By California Plaintiffs and the California Plaintiff Subclass Against Defendant)

94.     The California Plaintiffs and the California Plaintiff Subclass incorporate in this cause of action each and allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

95.     The Unfair Competition Law, Business and Professions Code § 17200, provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by" the False Advertising Act, Business and Professions Code § 17500.  The Unfair Competition Law provides that a Court may order injunctive relief and restitution as remedies for any violation of the Act.

96.     The business acts and practices of Hershey, in violating the FLSA, the California Labor Code and IWC Wage Orders as hereinabove described, constitute an unlawful, unfair and/or fraudulent business practice in violation of the Unfair Competition Law.  Specifically, Hershey conducted business activities while failing to comply with the legal mandates cited herein.

97.     Hershey's knowing failure to adopt policies in accordance with and/or adhere to these laws, all of which are binding upon and burdensome to Hershey's competitors, engenders an unfair competitive advantage for Hershey, thereby constituting an unfair business practice, as set forth in California Business and Professions Code §§ 17200-17208.

98.     The California Plaintiffs have suffered injury in fact and an economic loss by the withholding of wages due under the FLSA, the California Labor Code, and/or IWC Wage Orders.  Unless restrained and enjoined, Hershey will continue in the acts and practices alleged above.  Accordingly, the Court must issue an injunction restraining and enjoining Hershey from engaging in the acts and practices alleged above.  The California Plaintiffs further requests an order restoring to the California Plaintiffs and members of the California Plaintiff Subclass any money or property, real or personal, which has been lost

19

by means of Hershey's unfair and deceptive business practices.

99.    In addition, pursuant to California Code of Civil Procedure § 1021.5, the California Plaintiffs are entitled to recover their reasonable attorneys' fees, costs and expenses incurred in bringing this action.

## RELIEF SOUGHT

WHEREFORE, the Plaintiffs and California Plaintiffs, on behalf of themselves and the proposed National Plaintiff Class and California Plaintiff Subclass, pray for judgment and the following specific relief against Hershey as follows:

1.    That the Court declare, adjudge and decree that this action is a proper collective action under 29 U.S.C. § 216 and class action under Federal Rule of Civil Procedure, Rule 23 and certify the proposed class and/or any other appropriate subclasses;

2.    That the Court declare, adjudge and decree that defendant Hershey violated the overtime provisions of the FLSA as to the Plaintiffs and the National Plaintiff Class and that defendant Hershey violated the overtime provisions of the California Labor Code and the IWC Wage Orders as to the California Plaintiffs and the California Plaintiff Subclass;

3.    That the Court declare, adjudge and decree that defendant Hershey willfully violated its legal duties under the FLSA, the California Labor Code and the IWC Wage Orders;

4.    That the Court declare, adjudge and decree that the Plaintiffs and the National Plaintiff Class were at all times relevant hereto, and are, entitled to be paid overtime for work beyond 8 hours per day or 40 hours per week and that the amounts to which Plaintiffs and the National Plaintiff Class are entitled is to be doubled as liquated damages and issue and award thereto;

5.    That defendant Hershey be preliminarily and permanently enjoined from engaging in the acts herein described in violation of the FLSA, the California Labor Code and IWC Wage Orders;

6.    That the Court make an award to Plaintiffs and the National Plaintiff Class of damages for

20

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

the amount of unpaid compensation, including interest thereon, and penalties in an amount to be proven at trial;

7.     That the Court declare, adjudge and decree that defendant Hershey violated California Labor Code §§ 226.7 and 512 and applicable IWC Wage Orders for willful failure to provide meal and rest periods (including second rest periods) to the California Plaintiffs and the California Plaintiff Subclass; that defendant Hershey violated the recordkeeping provisions of California Labor Code §§ 226(a) and 1174(d) as to the California Plaintiffs and the California Plaintiff Subclass, and for willful failure to provide accurate semimonthly statements thereto; and that defendant Hershey violated California Labor Code §§ 201, 202, and 203 for willful failure to pay all compensation owed at the time of termination of employment to the California Plaintiffs and the California Plaintiff Subclass;

8.     That the Court declare, adjudge and decree that defendant Hershey violated California Business and Professions Code §§ 17200 et seq. by failing to pay the California Plaintiffs and the California Plaintiff Subclass overtime compensation, "waiting time" penalties, and/or failing to provide accurate itemized statements;

9.     That the Court make an award to the California Plaintiffs and the California Plaintiff Subclass of one hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

10.     That the Court make an award to the California Plaintiffs and the California Plaintiff Subclass of one hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

11.     That the Court make an award to the California Plaintiffs and the California Plaintiff Subclass of "waiting time" penalties/wages pursuant to California Labor Code § 203;

12.     That the Court order defendant Hershey to pay restitution to the California Plaintiffs and the California Plaintiff Subclass due to defendant Hershey's unlawful, unfair and/or fraudulent activities,

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

pursuant to California Business and Professions Code §§ 17200-08;

13.    That the Court further enjoin defendant Hershey, ordering it to cease and desist from

unlawful, unfair and/or fraudulent activities in violation of California Business and Professions Code §§

17200 et seq.;

14.    For all other orders, finding and determinations identified and sought in this Complaint;

15.    For interest on the amount of any and all economic losses, at the prevailing legal rate;

16.    For reasonable attorney fees pursuant to 29 U.S.C. § 216(b), California Labor Code §§ 218.5

and 1194, and/or California Code of Civil Procedure § 1021.5; and

17.    For costs of suit and any and all such other relief as the Court may deem proper.

## JURY DEMAND

The Plaintiffs and California Plaintiffs hereby demand trial by jury on issues triable by right of jury.

Dated:    April 7, 2008                    THE BRANDI LAW FIRM

By: _Thomas N Brandi_

THOMAS J. BRANDI
The Brandi Law Firm
354 Pine Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 989-1800
Facsimile: (415) 989-1801
tjb@brandilaw.com

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

# EXHIBIT A



1  THE BRANDI LAW FIRM
   THOMAS J. BRANDI (CA Bar No. 53208)
2  TERENCE D. EDWARDS (CA Bar No. 168095)
   BRIAN J. MALLOY (CA Bar No. 234882)
3  354 Pine Street, Third Floor
   San Francisco, CA 94104
4  Telephone: (415) 989-1800
   Facsimile:  (415) 707-2024
5  Email: tjb@brandilaw.com

6

7  LAW OFFICE OF DAVID C. FEOLA, P.C.
   DAVID C. FEOLA* (CO Bar No. 18789)
8  29025-D Upper Bear Creek Road
   Evergreen, CO 80439
9  Phone: (303) 674-7000, Ext. 14
   Fax:    (303) 674-6684
10 Email:  David@Feolalaw.com

11

12 * Pro hac vice application forthcoming

13 Attorneys for Plaintiffs

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16               SAN FRANCISCO DIVISION

17

18 JULIE CAMPANELLI, SABRINA        )  Case No.:
   ANDERSON and NANCY SMITH,        )
19 on their own behalf and on behalf of )  **COLLECTIVE** AND **CLASS ACTION**
20 all others similarly situated,   )
                                    )  **CONSENT TO JOIN COLLECTIVE**
21                                  )  **ACTION PURSUANT TO**
                                    )  **29 U.S.C. § 216(b)**
22         Plaintiffs,              )
                                    )
23              v.                  )
                                    )
24 THE HERSHEY COMPANY,             )  **DEMAND FOR JURY TRIAL**
25 A Delaware Corporation,          )
                                    )
26         Defendant.               )
27 _____)

28

                          1
        CONSENT TO JOIN COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)

1    I, the undersigned, am a former employee of The Hershey Company and I worked in excess of forty

2   (40) hours per week in individual workweeks and was not paid overtime wages.

3    I hereby authorize the filing and prosecution of this Fair Labor Standards Act action in my name.

4

5    I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or

6   unfavorable. I further agree to be bound by any collective action settlement approved by my attorneys.

7    I hereby designate The Brandi Law Firm and Law Office of David C. Feola, P.C. to represent me in

8   this action.

9

10   MY NAME IS:                        _Julie Campanelli_
                                           PRINT NAME
11

12   MY SIGNATURE:                      _Julie Campanelli_
                                           SIGN NAME
13

14
     DATE ON WHICH THIS NOTICE IS SIGNED:    _3-19-08_
15                                              TODAY'S DATE
16

17

18

19

20

21

22

23

24

25

26

27

28

---
                                   2
              CONSENT TO JOIN COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)

EXHIBIT B

THE BRANDI LAW FIRM
THOMAS J. BRANDI (CA Bar No. 53208)
TERENCE D. EDWARDS (CA Bar No. 168095)
BRIAN J. MALLOY (CA Bar No. 234882)
354 Pine Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 989-1800
Facsimile: (415) 707-2024
Email: tjb@brandilaw.com

LAW OFFICE OF DAVID C. FEOLA, P.C.
DAVID C. FEOLA* (CO Bar No. 18789)
29025-D Upper Bear Creek Road
Evergreen, CO 80439
Phone: (303) 674-7000, Ext. 14
Fax:     (303) 674-6684
Email:  David@Feolalaw.com

* Pro hac vice application forthcoming

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIE CAMPANELLI, SABRINA ANDERSON and NANCY SMITH, on their own behalf and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>       v.<br><br>THE HERSHEY COMPANY,<br>A Delaware Corporation,<br><br>       Defendant. | Case No.:<br><br>**COLLECTIVE AND CLASS ACTION**<br><br>**CONSENT TO JOIN COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**DEMAND FOR JURY TRIAL** |

p.1

I, the undersigned, am a former employee of The Hershey Company and I worked in excess of forty (40) hours per week in individual workweeks and was not paid overtime wages.

I hereby authorize the filing and prosecution of this Fair Labor Standards Act action in my name.

I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement approved by my attorneys.

I hereby designate The Brandi Law Firm and Law Office of David C. Feola, P.C. to represent me in this action.

MY NAME IS:

*Sabrina Anderson*
PRINT NAME

MY SIGNATURE:

*Sabrina Anderson*
SIGN NAME

DATE ON WHICH THIS NOTICE IS SIGNED:

*April 7, 08*
TODAY'S DATE

2

CONSENT TO JOIN COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)

# EXHIBIT C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE BRANDI LAW FIRM
THOMAS J. BRANDI (CA Bar No. 53208)
TERENCE D. EDWARDS (CA Bar No. 168095)
BRIAN J. MALLOY (CA Bar No. 234882)
354 Pine Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 989-1800
Facsimile: (415) 707-2024
Email: tjb@brandilaw.com

LAW OFFICE OF DAVID C. FEOLA, P.C.
DAVID C. FEOLA* (CO Bar No. 18789)
29025-D Upper Bear Creek Road
Evergreen, CO 80439
Phone: (303) 674-7000, Ext. 14
Fax:    (303) 674-6684
Email: David@Feolalaw.com

* *Pro hac vice application forthcoming*

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIE CAMPANELLI, SABRINA ANDERSON and NANCY SMITH, on their own behalf and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>        v.<br><br>THE HERSHEY COMPANY, A Delaware Corporation,<br><br>    Defendant. | Case No.:<br><br>**COLLECTIVE AND CLASS ACTION**<br><br>**CONSENT TO JOIN COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**DEMAND FOR JURY TRIAL** |

1

CONSENT TO JOIN COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)

1       I, the undersigned, am a former employee of The Hershey Company and I worked in excess of forty

2   (40) hours per week in individual workweeks and was not paid overtime wages.

3       I hereby authorize the filing and prosecution of this Fair Labor Standards Act action in my name.

4       I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or

5

6   unfavorable.  I further agree to be bound by any collective action settlement approved by my attorneys.

7       I hereby designate The Brandi Law Firm and Law Office of David C. Feola, P.C. to represent me in

8   this action.

9

10  MY NAME IS:                                    *Nancy H. Smith*
                                                   PRINT NAME
11

12  MY SIGNATURE:                                  *Nancy H. Smith*
                                                   SIGN NAME
13

14  DATE ON WHICH THIS NOTICE IS SIGNED:           3/19/08

15                                                 TODAY'S DATE

16

17

18

19

20

21

22

23

24

25

26

27

28

CONSENT TO JOIN COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)