1  CHRIS A. HOLLINGER (S.B. #147637)
   chollinger@omm.com
2
   O'MELVENY & MYERS LLP
3  Embarcadero Center West
   275 Battery Street, Suite 2600
4  San Francisco, CA 94111-3305
   Telephone:  (415) 984-8700
5  Facsimile:  (415) 984-8701

6  FRAMROZE A. VIRJEE (S.B. #120407)
   fvirjee@omm.com
7  O'MELVENY & MYERS LLP
   400 South Hope Street
8  Los Angeles, CA 90071
   Telephone:  (213) 430-6000
9  Facsimile:  (213) 430-6047

10 Attorneys for Defendant
   THE HERSHEY COMPANY
11

THE BRANDI LAW FIRM
THOMAS J. BRANDI (S.B.# 53208)
tjb@brandilaw.com
TERENCE D. EDWARDS (S.B.# 168095)
BRIAN J. MALLOY (S.B.# 234882)
354 Pine Street, Third Floor
San Francisco, CA 94104
Telephone:  (415) 989-1800
Facsimile:  (415) 707-2024

LAW OFFICE OF DAVID C. FEOLA,
P.C.
DAVID C. FEOLA (pro hac vice)
David@Feolalaw.com
29025-D Upper Bear Creek Road
Evergreen, CO 80439
Phone:       (303) 674-7000, Ext. 14
Fax:          (303) 674-6684

Attorneys for Plaintiffs
JULIE CAMPANELLI et al.

12             **UNITED STATES DISTRICT COURT**

13            **NORTHERN DISTRICT OF CALIFORNIA**

14                  **OAKLAND DIVISION**

15

16  JULIE CAMPANELLI, SABRINA      Case No. C 08-1862 WDB
    ANDERSON, NANCY SMITH,
17  TARYN SEDGELEY, DANIEL
    GOLIN, FRANCIS MCKEEVER,
18  BRYAN MILLER, JAMES            **JOINT CASE MANAGEMENT**
    AMICARELLA, and JOSEPHINE      **CONFERENCE STATEMENT**
19  GODFREY on their own behalf and on
    behalf of all others similarly situated,   Date:       July 21, 2008
20                                              Time:       4:00 p.m.
            Plaintiffs,                         Courtroom:4, 3rd Floor
21                                              Judge:      The Honorable Wayne D. Brazil
        v.
22
    THE HERSHEY COMPANY,
23
            Defendant.
24

25

26      The parties to the above-entitled action jointly submit this Case Management

27  Conference Statement and Proposed Order.

28

1

**DESCRIPTION OF THE CASE**

2

**1.     A brief description of the events underlying the action:**

3

Plaintiffs are nine former employees of Defendant The Hershey Company

4

("Hershey"). They allege that from January 2004 to the present, Hershey improperly and

5

willfully misclassified its salespersons as exempt from the overtime provisions of the

6

federal Fair Labor Standards Act ("FLSA") and related California wage and hour laws

7

and regulations.  Plaintiffs contend that in order to be exempt under federal and California

8

overtime laws, "outside salespersons" must be primarily engaged in actually selling

9

products or services.

10

Plaintiffs allege that prior to 2004, Hershey's salespersons actually sold Hershey

11

products.  Plaintiffs further allege that beginning in 2003, Hershey conducted a major

12

restructuring of its domestic sales force, involving, among other things, a "realignment" of

13

the sales force.  Plaintiffs contend that with this realignment, Hershey identified virtually

14

every task that its sales force workers were to perform, and that these tasks nearly all fell

15

within the general responsibility of what is known in the food and snack industry as

16

"merchandising," which, according to Plaintiffs, is not exempt work under federal and

17

California overtime laws.

18

Plaintiffs allege that from 2004 through the present, Hershey's sales force workers

19

have not had as their primary duty making sales or obtaining contracts or orders.  Instead,

20

Plaintiffs contend, a very small percentage of their working time, if any, could be

21

considered as selling or obtaining orders or contracts for Hershey products.  Plaintiffs

22

allege that as of 2004 through the present, Hershey's sales force workers were

23

merchandisers.

24

Hershey does not agree with Plaintiffs' contentions.

25

Plaintiffs seek certification of two proposed classes in this action, presently defined

26

as:  (1) a "National Plaintiff Class" as a collective action under 29 U.S.C. § 216(b)

27

consisting of "all salespersons employed by Hershey anywhere in the United States of

28

America from January 1, 2004 to the present"; and (2) a "California Plaintiff Subclass"

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT – C 08-1862 WDB

1    under Federal Rule of Civil Procedure 23, consisting of "all salespersons employed by

2    Hershey in the State of California from January 1, 2004 to the present."

3         The Plaintiffs and the National Plaintiff Class seek declaratory and injunctive

4    relief, and recovery of overtime pay allegedly due and owing under the FLSA, as well as

5    liquidated damages, interest, attorney fees and allowable costs and expenses.  In addition

6    those Plaintiffs and members of the California Plaintiff Subclass seek recovery of

7    overtime under the California Wage Orders and Labor Code, penalties for allegedly

8    missed and/or denied meal and rest periods, restitution of unpaid wages pursuant to

9    California Business & Professions Code §§ 17200 *et seq.*, recovery of allegedly unlawful

10   deductions from wages, "waiting time" penalties for employees who separated from

11   Hershey and allegedly did not receive all wages due and owing to them, penalties for

12   Hershey's alleged failure to provide accurate itemized wage statements, as well as

13   declaratory and injunctive relief, attorney fees, allowable costs and expenses, and interest.

14        The Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §§

15   1331 and 1337 over the Plaintiffs and putative collective action members' FLSA claims.

16        Plaintiffs contend that the Court has diversity of citizenship subject matter

17   jurisdiction pursuant to 28 U.S.C. § 1332(a) and pursuant to the Class Action Fairness

18   Act, 28 U.S.C. § 1332(d), over the California Plaintiffs' state wage and overtime claims.

19   Both parties agree that the Court has supplemental jurisdiction pursuant to 28 U.S.C. §

20   1367 over the California Plaintiffs' state law wage and hour claims.

21        Plaintiffs contend that venue is proper in this Court, as the California Plaintiffs

22   resided or worked within the Court's jurisdictional bounds during the alleged legal

23   violations set forth here, Hershey's alleged violations of state and federal law occurred

24   within the Court's jurisdictional bounds, and because the California Plaintiffs, along with

25   Ms. Smith, Ms. Sedgeley, Mr. Golin, Mr. McKeever, Mr. Miller, Mr. Amicarella and Ms.

26   Godfrey, have chosen this forum in which to litigate their claims.  Hershey agrees that

27   venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

28

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT – C 08-1862 WDB

1      **2.    The principal factual issues which the parties dispute:**

2      Hershey's answer or other response to the First Amended Complaint is due August

3 11, 2008. At this stage Plaintiffs rely on the factual allegations in their pleading, and

4 reasonably anticipate that Hershey will dispute whether:

5      a)    The work performed for Hershey by Plaintiffs, the National Plaintiff Class

6 and the California Plaintiff Subclass putative members entitled them to overtime;

7      b)    Plaintiffs, the National Plaintiff Class and the California Plaintiff Subclass

8 putative members were properly classified as exempt from overtime entitlement;

9      c)    Plaintiffs, the National Plaintiff Class and the California Plaintiff Subclass

10 worked more than forty (40) hours per week during the time period  January 1, 2004

11 forward;

12      d)    California Plaintiffs and the California Plaintiff Subclass putative members

13 were entitled to paid meal and rest breaks; and

14      e)    Hershey's alleged violations of federal and state wage laws were willful.

15      From Hershey's perspective, the factual issues in dispute include:

16      The tasks actually performed by Plaintiffs and/or members of the proposed classes

17 and the amount of time spent performing each such task.

18      Only if it is found that Plaintiffs and/or members of the proposed California class

19 were eligible to receive overtime under California law (which Hershey disputes), whether

20 such persons were permitted to take, and/or actually took, meal and/or rest breaks, and the

21 time spent on such breaks.

22      If, and only if, Plaintiffs and/or members of the proposed classes prevail on their

23 claims (which Hershey disputes):

24      The number of hours per week and per day that Plaintiffs and/or proposed class

25 members worked.

26      The amount of damages, if any, suffered by Plaintiffs and/or members of the

27 proposed classes.

28

    JOINT CASE MANAGEMENT CONFERENCE
STATEMENT – C 08-1862 WDB

1    Whether any alleged failure on the part of Hershey to pay wages allegedly due and
2    owing to Plaintiffs and/or proposed class members was willful.
3    **3.    The principal legal issues which the parties dispute:**
4    Hershey's answer or other response to the First Amended Complaint is due August
5    11, 2008. Once filed the parties will be in a better position to ascertain the principal legal
6    issues in dispute with greater focus. At this stage, Plaintiffs reasonably anticipate that
7    Hershey will dispute:
8    a)    Whether Hershey properly classified the Plaintiffs and the National Plaintiff
9    Class as exempt from federal wage and hour overtime laws;
10    b)    Whether Hershey properly classified the California Plaintiffs and the
11    California Plaintiff Subclass as exempt from California wage and hour overtime laws;
12    c)    Whether Plaintiffs, as former employees of Hershey, may seek injunctive
13    and/or declaratory relief, either generally or specifically with respect to any alleged
14    violations of the FLSA, and relatedly, whether any members of the proposed National
15    Plaintiff Class are entitled to declaratory and injunctive relief;
16    d)    Whether the California Plaintiffs and the California Plaintiff Subclass, who
17    no longer work for Hershey, are entitled to "waiting time penalties" under California law,
18    and relatedly, whether any members of the California Plaintiff Subclass are entitled to
19    "waiting time" penalties;
20    e)    Whether this action may properly be maintained as a class or collective
21    action under any statute or rule, including but not limited to Rule 23 of the Federal Rules
22    of Civil Procedure and/or Section 16(b) of the FLSA, 29 U.S.C. § 216(b);
23    f)    Whether Plaintiffs are adequate class representatives;
24    g)    Whether Plaintiffs' counsel are adequate class counsel;
25    h)    Whether Plaintiffs may, pursuant to the California Unfair Competition Law,
26    Business and Professions Code §§ 17200 *et seq.*, seek four years of class-wide
27    "restitution" of overtime allegedly due and owing under the FLSA, or whether any
28    remedy for an alleged violation of the FLSA must instead be sought in a manner

- 4 -

1  consistent with the procedures provided by the FLSA, including its statute of limitations

2  and "opt-in" collective-action procedure;

3       i)     Whether Plaintiffs and/or members of the proposed California class are

4  entitled to penalties, for allegedly-missed meal/rest periods or otherwise, under California

5  law; and

6       j)     Whether Plaintiffs are entitled to their attorneys' fees if they prevail.

7       **3A.**    **Plaintiffs' statement regarding class action allegations (Local Rule 16-**

8  **9(b)):**

9       This is a proposed national collective action under the FLSA and class action under

10  California state wage and overtime laws.

11       The FLSA claims are maintainable as a collective action under 29 U.S.C. § 216(b).

12  (*See* First Amended Complaint, ¶ 72).

13       The California state law claims are maintainable as a class action under FRCP 23.

14  (*See* First Amended Complaint, ¶ 72).

15       The national class brought under the FLSA is described as all salespersons

16  employed by Hershey anywhere in the United States of America from January 1, 2004 to

17  the present. (*See* First Amended Complaint, ¶ 73).

18       The California state law subclass brought under FRCP 23 is described as all

19  salespersons employed by Hershey in the State of California from January 1, 2004 to the

20  present. (*See* First Amended Complaint, ¶ 73).

21       Plaintiffs are entitled to maintain this as a collective action under 29 U.S.C. §

22  216(b) and as a class action under FRCP 23(a) and (b)(2), (3) because defendant Hershey

23  has a nationwide policy of misclassifying salespersons as exempt from federal and

24  California state overtime laws and requiring salespersons to work in excess of forty hours

25  per week without overtime compensation, even though these salespersons are not

26  primarily engaged in actually selling products or services and spent substantially less than

27  half of their working time selling or obtaining orders or contracts for Hershey products.

28  (*See* First Amended Complaint, ¶¶ 72-82).

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT – C 08-1862 WDB

1    Plaintiffs propose April 1, 2009 as the latest date on which Plaintiffs will file their

2    motion for conditional certification under the FLSA as well as their motion for class

3    certification under Rule 23.

4    Hershey does not agree with Plaintiffs' contentions.

5    **4.    The other procedural issues [e.g. service of process, personal**

6    **jurisdiction, subject matter jurisdiction or venue] which remain unresolved for the**

7    **reason stated below and how the parties propose to resolve those issues:**

8    The parties are presently unaware of any such issues.

9    **5.    The parties which have not been served and the reasons:**

10   Hershey has waived formal service pursuant to Rule 4(d) of the Federal Rules of

11   Civil Procedure. Hershey's response to the First Amended Complaint is due on

12   August 11, 2008. No parties remain to be served.

13   **6.    The parties [intend/do not intend] to make additional amendments to**

14   **the pleadings:**

15   Plaintiffs expect that they may add additional claims and plaintiffs up to and

16   including the date to amend the pleadings. Given the number of affected individuals, and

17   that the affected individuals include present Hershey employees, Plaintiffs respectfully

18   request that the Court set the date to amend pleadings as January 1, 2009.

19   Hershey is presently unaware of any need to amend the pleadings, but, as reflected

20   in its proposed case schedule (*see infra* Section 15.C), does not object to Plaintiffs'

21   proposal to set the deadline to add parties as January 1, 2009. As set forth in the next

22   section and Hershey' s proposed case schedule, however, Hershey believes the deadline to

23   amend claims should pre-date the deadline to add parties.

24   **7.    The additional parties which the below-specified parties intend to join**

25   **and the intended time frame for such joinder:**

26   Plaintiffs expect that they will join other individual plaintiffs up to and including

27   the date to amend the pleadings. Given the number of affected individuals, and that the

28

- 6 -

1    affected individuals include present Hershey employees, Plaintiffs respectfully request

2    that the Court set the date to amend pleadings as January 1, 2009.

3        Hershey is presently unaware of any other parties to be joined, but, as set forth

4    above, believes the deadline to add claims should pre-date the deadline to add parties.

5    Hershey has addressed this issue in its proposed case schedule (*see infra* Section 15.C).

6        **8.    The "Certification of Interested Entities or Persons" has not been filed**

7    **by the parties:**

8        Plaintiffs assert that the putative collective and class action members have potential

9    financial and other interests in this case, but Plaintiffs cannot identify all such persons at

10    the present time without the aid of disclosures or discovery from Defendant Hershey.

11    Pursuant to Civil L.R. 3–16, although Defendant The Hershey Company understands it to

12    be the only person, association of persons, firm, partnership, corporation (including parent

13    corporations) or other entity that (i) has a financial interest in the subject matter in

14    controversy or in a party to the proceeding; or (ii) has a non-financial interest in that

15    subject matter or in a party that could be substantially affected by the outcome of this

16    proceeding, the undersigned identifies Artisan Confections Company, which is a wholly-

17    owned subsidiary of Defendant The Hershey Company.

18        Plaintiffs and Hershey are filing and serving their Certifications of Interested

19    Entities or Persons concurrently herewith.

20        **9.    The following parties consent to assignment of this case to a United**

21    **States Magistrate Judge for jury trial:**

22        All parties consent to assignment of this case for trial before Magistrate Judge

23    Brazil, including for a jury trial to the extent Plaintiffs have a right thereto.

24                **ALTERNATIVE DISPUTE RESOLUTION**

25        **10.    The parties have filed a Stipulation and Proposed Order Selecting an**

26    **ADR Process (specify process):**

27        Private Mediation.

28

1      **11.    Please indicate any other information regarding ADR process or**

2  **deadline.**

3          Plaintiffs and their counsel believe that the prospects for settlement should be

4  good because, to their knowledge and belief, Hershey is clearly liable to the Plaintiffs and

5  the putative collective and class action members, and early settlement may reduce

6  Hershey's exposure to increased penalties, damages, attorney fees and interest.  To date

7  the parties have not participated in any settlement or other ADR efforts or discussions.

8  Plaintiffs believe that a first round of written discovery and key depositions, including

9  Hershey's Fed. R. Civ. P. 30(b)(6) deposition, will need to be completed before a fruitful

10  mediation session should be set. Given the posture of the case, any settlement before

11  collective and/or class certification would have to include a stipulated collective and/or

12  class settlement.  Plaintiffs have complied with ADR Local Rule 3-5.

13          Hershey disagrees with Plaintiffs' assessment of the likelihood of a determination

14  of liability.  Hershey does not believe that ADR or other settlement-type procedures will

15  be potentially fruitful (if ever) until such time as the Court rules upon the Plaintiffs'

16  motion(s) for conditional certification under the FLSA and/or class certification under

17  Rule 23.  Hershey suggests that the Court convene a status conference and/or direct the

18  parties to initiate ADR and/or other settlement-type procedures following the Court's

19  rulings on Plaintiffs' motions.

20                                          **MOTIONS**

21          There are no pending motions. Plaintiffs anticipate filing motions to have the

22  FLSA claims handled as a collective action, for approval of notice to the putative

23  collective action members, for class certification of the California state law claims, for

24  approval of notice to the putative class action members, and for summary judgment.

25          Hershey intends to file a Rule 12 motion attacking the sufficiency of one or more

26  causes of action in Plaintiffs' First Amended Complaint, as well as certain portions of the

27  relief requested therein.  Hershey will file this motion on or before August 11, 2008,

28  which is the deadline for its response to Plaintiffs' First Amended Complaint.  Hershey

1  also anticipates that it will file a motion for summary judgment at later stage in these

2  proceedings.    It is Hershey's position that the Court should rule on Hershey's Rule 12

3  motion before it rules on Plaintiffs' motion for conditional certification and for approval

4  of notice to the putative class members under the FLSA, as Hershey's motion will

5  challenge certain aspects of Plaintiffs' FLSA claim.

6                                    **DISCLOSURES**

7        **13.    The parties certify that they have made the following disclosures [list**

8  **disclosures of persons, documents, damage computations and insurance**

9  **agreements]:**

10        The parties have agreed to exchange Rule 26(a)(1) disclosures on or before Friday,

11  July 25, 2008.

12                              **EVIDENCE PRESERVATION**

13  **14.    The parties describe their evidence preservation efforts below.**

14        **A.    Hershey's Preservation Efforts.**

15        Hershey's efforts to preserve evidence relevant to the issues reasonably apparent in

16  this action include the following enumerated items.  Given the breadth of Plaintiffs'

17  allegations, Hershey is sustaining significant cost and burdens associated with these

18  preservation steps, many of which implicate thousands of employees.  Therefore, Hershey

19  reserves its right to revisit its preservation plan with Plaintiffs' counsel, and possibly the

20  Court, once the timing and scope of discovery is more clearly defined through discussions

21  between the parties.

22        1.    Hershey's Law Department issued litigation hold notices to more
              than 3,000 employees, including all alleged class members who are
23             current Hershey employees.  Certain key individuals were also orally
              notified.
24

25        2.    Hershey instructed its information technology department to set aside
              past and future periodic backup tapes of relevant email and file
26             servers.  Information technology personnel would otherwise maintain
              these backup tapes for "disaster recovery" purposes only, and recycle
27             them on a regular basis.

28

JOINT CASE MANAGEMENT CONFERENCE
                                          STATEMENT – C 08-1862 WDB

3.    Hershey is retaining all past and future data generated by REX handheld devices.

4.    Hershey is retaining all SAP personnel information and TRIAC payroll system information with respect to proposed class members.

5.    Hershey has suspended any systemic policies, intended to improve email server performance, designed to automatically delete litigation hold recipients' email.

Hershey continues to monitor its preservation plan and take additional steps, as necessary.  These steps include communications that are protected by the attorney-client privilege and attorney work product doctrine, which Hershey does not intend to waive. To the contrary, Hershey reserves its right to object to additional disclosure of its preservation plan to the extent that such disclosure is protected by the attorney-client privilege and attorney work product doctrine.

**B.    Plaintiffs' Preservation Efforts.**

Plaintiffs have taken and will continue to take steps to preserve evidence relevant to the issues reasonably evident in this action. To date these efforts have included attorney client protected communications, which, without waiving any such privilege, were to the effect that the Plaintiffs needed to look for and preserve all documents, in paper or electronic form, which relate in any way to their factual allegations in their pleading, including, without limitation, the work they performed, the hours they worked, their pay, or lack thereof, and directions from Hershey on how to perform their work.

**DISCOVERY**

Discovery has not yet commenced.  Plaintiffs presently believe they will need, and respectfully request that they be allowed, to interpose fifty (50) interrogatories, and fifty (50) requests for admission, each including subparts, as well as twenty (20) depositions, excluding depositions of putative experts and the depositions to be taken of Defendant pursuant to Fed. R. Civ. P. 30(b)(6).

Defendant believes it is premature at these early stages of these proceedings to lift the presumptive limits on depositions and interrogatories set forth in Federal Rules of

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT – C 08-1862 WDB

1  Civil Procedure 30(a)(2)(A), 30(d)(2), and 33(a).  Defendant proposes that the parties start

2  by complying with those requirements, and agrees to meet and confer with Plaintiffs in

3  good faith on raising these presumptive limits if they prove inadequate, with a strong

4  commitment to resolving such matters without a need for Court intervention.

5       Pursuant to Rule 16(b)(5) and (6), the parties have agreed to negotiate in good faith

6  with the goal of entering into a stipulation that, *inter alia*, will:  (1) limit document and

7  other discovery to specified custodians and data sources; (2) identify a method for the

8  efficient production of electronic data; (3) provide for the protection of inadvertently-

9  produced privileged documents; (4) identify methods for making the parties' preservation

10  efforts more efficient; and (5) identify a date certain upon which the parties' preservation

11  efforts would be discontinued.  The parties will initially apprise the Court of their progress

12  in this regard by no later than August 25, 2008.

13       **15.**    **The parties have differing positions concerning some aspects of the**

14  **discovery process:**

15          **A.**    <u>**Plaintiffs' Position and Proposed Schedule**</u>

| | |
|---|---|
| **April 1, 2009** | Class Certification Motions Filing Date[1] |
| **May 1, 2009** | Initial Expert Disclosures |
| **June 1, 2009** | Rebuttal Expert Disclosures |
| **July 1, 2009** | Discovery cutoff |
| **September 15, 2009** | Deadline for hearing on dispositive motions |
| 30 days before trial date | Pretrial Conference |
| TBA | Trial |

---

[1] In the event either party informs the other that it intends to rely on one or more expert witnesses to support its class certification motions or opposition or reply briefs, Plaintiffs are willing to extend the class certification filing deadlines and briefing schedule a reasonable amount of time to allow for expert witness identification, disclosures (including service of any reports) and depositions.

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT – C 08-1862 WDB

1          **B.    Defendant's Position and Proposed Schedule**.

2          As noted above, Plaintiffs intend to file a motion for class certification under

3    Rule 23 and/or a motion for conditional certification under the FLSA.  The allegations in

4    this lawsuit will require analysis of a large number of disparate policies, procedures and

5    practices applicable to disparate numbers of current and former Hershey employees, over

6    a period of several years, and throughout several different areas spread over the entire

7    country.  Although Hershey's investigation is ongoing, it appears that while some of the

8    policies and procedures at issue may have originated from a central location, many may

9    have been generated locally, and in any event most were subject to independent

10   implementation on a location-by-location basis.  Additionally, many of these policies may

11   have changed over time.  Lastly, many of the Plaintiffs' allegations will require

12   investigation and discovery regarding the application of said polices to various factually

13   distinct contexts.

14         In light of the foregoing, Defendant believes (and proposes) that discovery

15   preceding the Court's decision on Plaintiffs' motion for class certification under Rule 23

16   and/or motion for conditional certification under the FLSA should be limited to class

17   certification issues (including merits issues insofar as they are relevant to the question of

18   class or conditional certification as a "collective" action).  Defendant believes that, prior

19   to the Court's ruling on Plaintiffs' motions, there should be no damages- or merits-related

20   discovery with respect to the alleged claims of putative class members.  Defendant

21   believes that such a discovery bifurcation will potentially save both the Court and the

22   parties a substantial amount of time and expense.

23         Defendant believes that the deadline to add claims should be "sooner rather than

24   later" so the parties can proceed with written discovery and depositions knowing what

25   claims are at issue.  Doing so may obviate the need to serve additional discovery requests

26   and re-open depositions in the event Plaintiffs add additional claims after a substantial

27   amount of discovery already has been completed.

28

JOINT CASE MANAGEMENT CONFERENCE
                                                   STATEMENT – C 08-1862 WDB

1    Given the factual and legal complexity of the class and/or conditional certification

2  issues in this case, the possibility (if not likelihood) of both parties offering expert

3  testimony relating to those issues, and defense counsel's experience in other nationwide

4  class actions potentially involving hundreds (if not more) of putative class members,

5  Defendant respectfully submits that Plaintiffs' proposed schedule is not feasible.

6  Defendant's proposed litigation schedule set forth below is based on what Defendant

7  believes is a *conservative* estimate of the time required to conduct class certification

8  discovery:

| | |
|---|---|
| Wednesday, **October 1, 2008** | Last day for Plaintiffs to file motion to add claims. |
| Thursday, **January 1, 2009** | Last day by which any motion to amend the pleadings to add parties must be heard. |
| Wednesday, **April 1, 2009** | Last day by which non-expert fact discovery regarding class certification must be completed. |
| Wednesday, **April 1, 2009** | Last day for Plaintiffs and Defendant to disclose their expert witnesses and reports, regarding class certification, pursuant to Rule 26(a)(2) of the FRCivP. |
| Monday, **June 1, 2009** | Last day by which parties must exchange disclosures and reports of rebuttal expert class-certification witnesses pursuant to Rule 26(a)(2) of the FRCivP. |
| Wednesday, **July 1, 2009** | Last day by which expert discovery regarding class certification must be completed. |
| Friday, **July 31, 2009** | Day on which Plaintiffs must file motion for class and/or conditional certification. |

| Tuesday, **September 15, 2009** | Day on which Hershey must file opposition to motion for class and/or conditional certification. |
|---|---|
| Thursday, **October 15, 2009** | Day on which Plaintiffs must file reply in support of motion for class and/or conditional certification. |
| [DAY], **[DATE]**<br><br>**To Be Determined At Case Management Conference** | Hearing on motion for class and/or conditional certification. |

## RELATED CASES

16.    The parties are not aware of any related cases or proceedings pending before another judge of this District, or before another court or administrative body.

## NARROWING OF ISSUES

17.    Hershey's planned Rule 12 and summary judgment motions may result in a narrowing of the issues.  Plaintiffs' planned summary judgment motion may also result in a narrowing of the issues.

## EXPEDITED SCHEDULE

18.    Given the nature of this case, it does not appear at this time that this lawsuit can be handled on an expedited basis.

## TRIAL SCHEDULE

**19.    The parties request a trial date as follows:**

Plaintiffs believe that the jury trial portion of this litigation should be completed within fifteen to twenty (15-20) days, and that the other proceedings before final judgment, including the presentation of evidence and determination of other relief, including, by example, the award of reasonable attorney fees, liquidated damages, penalties and interest, should require no more than five (5) days of additional trial time.

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT – C 08-1862 WDB

1    Defendant believes it is premature to set a trial date prior to the Court's rulings on

2    Plaintiffs' motion for class and/or conditional certification. Defendant requests that a

3    further case management conference be scheduled after the Court issues its ruling on

4    those motions. At that conference, the Court would set a schedule for further discovery

5    and other proceedings through trial.

6    **20.    The parties expect that the trial will last for the following number of**

7    **days:**

8    Plaintiffs believe that the jury trial portion of this litigation should be completed

9    within fifteen to twenty (15-20) days and that the other proceedings before final judgment,

10   including the presentation of evidence and determination of other relief, including, by

11   example, the award of reasonable attorney fees, liquidated damages, penalties and interest,

12   should require no more than five (5) days of additional trial time.

13   Defendant does not believe the parties are able to estimate accurately the length of

14   trial in advance of a ruling on the motion(s) for class and/or conditional certification.

15   Defendant's best estimate at this time is that the trial length could range from two weeks

16   (if only Plaintiffs' individual claims proceeded to trial) to four months (if both classes

17   were certified as to all claims).

18

      Dated: July 15, 2008.                     O'MELVENY & MYERS LLP
19

20

                                               By:  /s/ Chris A. Hollinger
21                                                  Chris A. Hollinger

22                                             Attorneys for Defendant
                                               THE HERSHEY COMPANY
23

24

25

26

27

28

1    Dated:  July 15, 2008.                    THE BRANDI LAW FIRM

2

3                                              By:  /s/ Brian J. Malloy
                                                    Brian J. Malloy
4
                                              Attorneys for Plaintiffs
5                                             JULIE CAMPANELLI et al.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              JOINT CASE MANAGEMENT CONFERENCE
                                              STATEMENT – C 08-1862 WDB