1   CHRIS A. HOLLINGER (S.B. #147637)
    chollinger@omm.com
2   ERIC J. KNAPP (S.B. #214352)
    eknapp@omm.com
3   O'MELVENY & MYERS LLP
    Embarcadero Center West
4   275 Battery Street, Suite 2600
    San Francisco, CA  94111-3305
5   Telephone:    (415) 984-8700
    Facsimile:     (415) 984-8701
6
    FRAMROZE M. VIRJEE (S.B. #120407)
7   fvirjee@omm.com
    O'MELVENY & MYERS LLP
8   400 South Hope Street
    Los Angeles, CA 90071
9   Telephone:    (213) 430-6000
    Facsimile:     (213) 430-6047
10
    Attorneys for Defendant
11  THE HERSHEY COMPANY

12              **UNITED STATES DISTRICT COURT**

13             **NORTHERN DISTRICT OF CALIFORNIA**

14                    **OAKLAND DIVISION**

15

16  JULIE CAMPANELLI, SABRINA          Case No. C 08-1862 WDB
    ANDERSON, NANCY SMITH,
17  TARYN SEDGELEY, DANIEL
    GOLIN, FRANCIS MCKEEVER,
18  BRYAN MILLER, JAMES                **DEFENDANT THE HERSHEY**
    AMICARELLA, and JOSEPHINE          **COMPANY'S ANSWER TO**
19  GODFREY on their own behalf and on **PLAINTIFFS' FIRST AMENDED**
    behalf of all others similarly situated,  **COMPLAINT**
20
21              Plaintiffs,
22        v.
23  THE HERSHEY COMPANY,
24
25              Defendant.

26        Defendant The Hershey Company ("Hershey"), by and through its

27  Attorneys, admits, denies, and alleges as follows:

28

1    1.    Hershey denies each and every allegation contained in Paragraph 1 of
the First Amended Complaint.

2.    Hershey denies each and every allegation contained in Paragraph 2 of
the First Amended Complaint except the following:  Hershey admits that Plaintiffs'
complaint purports to seek injunctive, declaratory and monetary relief.

3.    Hershey alleges that it is without sufficient information or knowledge
to form a belief as to the residency or "sales territories" of Plaintiff Julie Campanelli
("Campanelli"), and on that basis denies each and every allegation contained in Paragraph
3 of the First Amended Complaint except the following:  Hershey admits that
Campanelli's last known address is located in San Francisco, California.  Hershey also
admits that Campanelli worked for the company and that while a sales representative, she
was assigned to the "San Francisco" and "San Francisco South" sales districts.

4.    Hershey alleges that it is without sufficient information or knowledge
to form a belief as to the residency or "sales territories" of Plaintiff Sabrina Anderson
("Anderson"), and on that basis denies each and every allegation contained in denies each
and every allegation contained in Paragraph 4 of the First Amended Complaint except the
following:  Hershey admits that Anderson's last known address is located in Clovis,
California.  Hershey also admits that Anderson worked for the company and that while a
sales representative, she was assigned to the "San Francisco" and "Los Angeles" sales
districts.

5.    Hershey alleges that it is without sufficient information or knowledge
to form a belief as to the residency or "sales territories" of Plaintiff Nancy Smith
("Smith"), and on that basis denies each and every allegation contained in Paragraph 5 of
the First Amended Complaint except the following:  Hershey admits that Smith's last
known address is located in Huntersville, North Carolina.  Hershey also admits that Smith
worked for the company and that while a sales representative, she was assigned to the
"Memphis" and "Charlotte" sales districts.

1

1      6.      Hershey alleges that it is without sufficient information or knowledge

2   to form a belief as to the residency or "sales territories" of Plaintiff Taryn Sedgeley

3   ("Sedgeley"), and on that basis denies each and every allegation contained in Paragraph 6

4   of the First Amended Complaint except the following:  Hershey admits that Sedgeley's

5   last known address is located in Lone Tree, Colorado.  Hershey also admits that Sedgeley

6   worked for the company and that while a sales representative, she was assigned to the

7   "Denver" sales district.

8      7.      Hershey alleges that it is without sufficient information or knowledge

9   to form a belief as to the residency or "sales territories" of Plaintiff Daniel Golin

10  ("Golin"), and on that basis denies each and every allegation contained in Paragraph 7 of

11  the First Amended Complaint except the following:  Hershey admits that Golin's last

12  known address while working for the company is located in Houston, Texas.  Hershey

13  also admits that Golin worked for the company and that while a sales representative, he

14  was assigned to the "Houston" sales district.

15     8.      Hershey alleges that it is without sufficient information or knowledge

16  to form a belief as to the residency or "sales territories" of Plaintiff Francis McKeever

17  ("McKeever"), and on that basis denies each and every allegation contained in Paragraph

18  8 of the First Amended Complaint except the following:  Hershey admits that McKeever's

19  last known address is located in Ardmore, Pennsylvania.  Hershey also admits that

20  McKeever worked for the company and that while a sales representative, he was assigned

21  to the "Philadelphia" and "Baltimore/DC" sales districts.

22     9.      Hershey alleges that it is without sufficient information or knowledge

23  to form a belief as to the residency or "sales territories" of Plaintiff Bryan Miller

24  ("Miller"), and on that basis denies each and every allegation contained in Paragraph 9 of

25  the First Amended Complaint except the following:  Hershey admits that Miller's last

26  known address is located in Fort Collins, Colorado.  Hershey also admits that Miller

27  worked for the company and that while a sales representative, he was assigned to the

28

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. C 08-1862 WDB

1     "Denver" sales district.

2          10.     Hershey alleges that it is without sufficient information or knowledge

3     to form a belief as to the residency or "sales territories" of Plaintiff James Amicarella

4     ("Amicarella"), and on that basis denies each and every allegation contained in Paragraph

5     10 of the First Amended Complaint except the following:  Hershey admits that

6     Amicarella's last known address is located in Arvada, Colorado.  Hershey also admits that

7     Amicarella worked for the company and that while a sales representative, he was assigned

8     to the "Denver" sales district.

9          11.     Hershey alleges that it is without sufficient information or knowledge

10    to form a belief as to the residency or "sales territories" of Plaintiff Josephine Godfrey

11    ("Godfrey"), and on that basis denies each and every allegation contained in Paragraph 11

12    of the First Amended Complaint except the following:  Hershey admits that Godfrey's last

13    known address is located in Mount Laurel, New Jersey.  Hershey also admits that Godfrey

14    worked for the company and that while a sales representative, she was assigned to the

15    "Philadelphia South," "Philadelphia" and "Baltimore/DC" sales districts.

16         12.     Hershey admits the allegations contained in Paragraph 12 of the First

17    Amended Complaint.

18         13.     Hershey admits the allegations contained in Paragraph 13 of the First

19    Amended Complaint.

20         14.     Hershey denies each and every allegation contained in Paragraph 14

21    of the First Amended Complaint.

22         15.     The allegations contained in Paragraph 15 of the First Amended

23    Complaint state legal conclusions, to which no responsive pleading is required, but to the

24    extent a responsive pleading is necessary, Hershey denies each and every allegation in

25    paragraph 15 of the First Amended Complaint.

26         16.     The allegations contained in Paragraph 16 of the First Amended

27    Complaint state legal conclusions, to which no responsive pleading is required, but to the

28

3

1   extent a responsive pleading is necessary, Hershey denies each and every allegation in

2   paragraph 16 of the First Amended Complaint.

3           17.    Hershey denies the allegation contained in Paragraph 17 of the First

4   Amended Complaint that venue is proper in this Court, an allegation that states a legal

5   conclusion to which no responsive pleading is required, but to the extent a responsive

6   pleading is necessary, Hershey denies this allegation.  Hershey alleges that it is without

7   sufficient information or knowledge to form a belief as to the residency of the "California

8   Plaintiffs" for "all relevant times" and whether all Plaintiffs have chosen the forum of the

9   United States District Court, Northern District of California, and on that basis denies these

10  allegations.

11          18.    Hershey denies each and every allegation of Paragraph 18 of the First

12  Amended Complaint except for the following:  The allegation that this action is

13  appropriately assigned in the San Francisco Division states a legal conclusion, to which no

14  responsive pleading is required, but to the extent a responsive pleading is necessary,

15  Hershey denies this allegation.  Hershey also alleges that it is without sufficient

16  information or knowledge to form a belief as to the residency of Campanelli for "all

17  relevant times," and on that basis denies this allegation.  Hershey admits that Hershey was

18  and is authorized to do, and regularly does business, in the State of California, including

19  the City of San Francisco.

20          19.    California and federal overtime laws are public record and no

21  responsive pleading is required.  To the extent a responsive pleading is necessary,

22  Hershey denies each and every allegation in paragraph 19 of the First Amended

23  Complaint.

24          20.    Hershey admits the allegations contained in Paragraph 20 of the First

25  Amended Complaint.

26          21.    Hershey denies each and every allegation contained in Paragraph 21

27  of the First Amended Complaint except the following:  Hershey admits that in 2003, it

28

4

reorganized portions of the company, which included changes to portions of its domestic sales force.

22.    Hershey denies each and every allegation contained in Paragraph 22 of the First Amended Complaint.

23.    Hershey denies each and every allegation contained in Paragraph 23 of the First Amended Complaint except the following:  Hershey admits that starting in 2003, it began to provide a hand-held PDA device, known as a "REX," to certain individual members of its sales force.

24.    Hershey denies each and every allegation contained in Paragraph 24 of the First Amended Complaint.

25.    Hershey denies each and every allegation contained in Paragraph 25 of the First Amended Complaint.

26.    Hershey denies each and every allegation contained in Paragraph 26 of the First Amended Complaint.

27.    Hershey denies each and every allegation contained in Paragraph 27 of the First Amended Complaint except the following:  Hershey admits that both its Retail Sales Representatives ("RSRs") and other sales employees work with customers concerning sales plans.

28.    Hershey denies each and every allegation contained in Paragraph 28 of the First Amended Complaint.

29.    Hershey alleges that it is without sufficient information or knowledge to form a belief regarding each and every allegation contained in Paragraph 29 of the First Amended Complaint, and on that basis denies each and every allegation in that paragraph.

30.    Hershey denies each and every allegation contained in Paragraph 30 of the First Amended Complaint.

31.    Hershey denies each and every allegation contained in Paragraph 31 of the First Amended Complaint except the following:  Hershey admits that it expected

5

each RSR to synchronize his or her REX device daily, to review data and other information for purposes of preparing for future sales calls to help maximize sales during those calls, and to perform other related tasks.

32.    Hershey denies each and every allegation contained in Paragraph 32 of the First Amended Complaint.

33.    Hershey denies each and every allegation contained in Paragraph 33 of the First Amended Complaint.

34.    Hershey denies each and every allegation contained in Paragraph 34 of the First Amended Complaint.

35.    Hershey denies each and every allegation contained in Paragraph 35 of the First Amended Complaint except the following:  Hershey admits that it classified RSRs as exempt employees from 2003 to the present.

36.    Hershey denies each and every allegation contained in Paragraph 36 of the First Amended Complaint except the following:  Hershey admits that it did not pay RSRs overtime compensation for hours worked in excess of 40 hours per week since they were properly classified as exempt employees.

37.    Hershey denies each and every allegation contained in Paragraph 37 of the First Amended Complaint except the following:  Hershey admits that it did not pay RSRs overtime compensation for "travel time" since they were properly classified as exempt employees.

38.    Hershey denies each and every allegation contained in Paragraph 38 of the First Amended Complaint except the following:  Hershey admits that it did not pay RSRs overtime compensation for performing administrative tasks since they were properly classified as exempt employees.

\\\

39.    Hershey denies each and every allegation contained in Paragraph 39 of the First Amended Complaint.

1    40.    Hershey denies each and every allegation contained in Paragraph 40

2    of the First Amended Complaint.

3    41.    Hershey denies each and every allegation contained in Paragraph 41

4    of the First Amended Complaint, except for the following:  Hershey admits the allegations

5    that Richard H. Lenny was the former President and CEO of Hershey and that David West

6    is currently the President and CEO of Hershey.  Hershey also admits the allegation that

7    both Mr. Lenny and Mr. West were employed at Nabisco companies.

8    42.    Hershey alleges that it is without sufficient information or knowledge

9    to form a belief as to each and every allegation contained in Paragraph 42 of the First

10   Amended Complaint, and denies each and every allegation in this paragraph on that basis.

11   43.    Hershey alleges that it is without sufficient information or knowledge

12   to form a belief as to each and every allegation contained in Paragraph 43 of the First

13   Amended Complaint, and denies each and every allegation in this paragraph on that basis.

14   44.    Hershey alleges that it is without sufficient information or knowledge

15   to form a belief as to each and every allegation contained in the first "Paragraph 44" of the

16   First Amended Complaint, and denies each and every allegation in this paragraph on that

17   basis.

18   45.    Hershey denies each and every allegation contained in the second

19   "Paragraph 44" of the First Amended Complaint.

20   46.    Hershey denies each and every allegation contained in Paragraph 46

21   of the First Amended Complaint except the following:  Hershey admits that since 2003, it

22   did not reclassify the RSR position from exempt to non-exempt or, as a result, pay RSRs

23   overtime.

24   47.    Hershey denies each and every allegation contained in Paragraph 47

25   of the First Amended Complaint.

26   48.    Hershey denies each and every allegation contained in Paragraph 48

27   of the First Amended Complaint.

28

7

49.     Hershey denies each and every allegation contained in Paragraph 49 of the First Amended Complaint.

50.     Hershey denies each and every allegation contained in Paragraph 50 of the First Amended Complaint except the following:  Hershey alleges that it is without sufficient information or knowledge to form a belief concerning the details of each and every discussion held between RSRs and other employees in their chain of command, and on that basis denies these allegations in that paragraph.

51.     Hershey denies each and every allegation contained in Paragraph 51 of the First Amended Complaint.

52.     Hershey denies each and every allegation contained in Paragraph 52 of the First Amended Complaint except the following:  Hershey admits that it informed its RSRs that they were exempt employees and not entitled to overtime.

53.     Hershey denies each and every allegation contained in Paragraph 53 of the First Amended Complaint.

54.     Hershey denies each and every allegation contained in Paragraph 54 of the First Amended Complaint except the following:  Hershey admits that Campanelli was employed by Hershey from March 2002 through March 2006 as a sales representative.  Hershey admits that while a sales representative, Campanelli was assigned to the "San Francisco" and "San Francisco South" sales districts.

55.     Hershey denies each and every allegation contained in Paragraph 55 of the First Amended Complaint except for the following:  Hershey alleges that it is without sufficient information or knowledge to form a belief as to whether Campanelli resigned out of frustration with Hershey's alleged changes to her position and responsibilities and whether she worked for more than forty hours per week, and on that basis Hershey denies these allegations.  Hershey admits that Campanelli resigned her position at Hershey and that she was not paid overtime because she was an exempt employee.

8

56.    Hershey denies each and every allegation contained in Paragraph 56 of the First Amended Complaint except the following:  Hershey admits that Anderson was employed by Hershey from 2004 through May 2007 as a sales representative.  Hershey admits that while a sales representative, Anderson was assigned to the "San Francisco" and "Los Angeles" sales districts.

57.    Hershey denies each and every allegation contained in Paragraph 57 of the First Amended Complaint except the following:   Hershey alleges that it is without sufficient information or knowledge to form a belief as to whether Anderson resigned out of frustration with Hershey's alleged changes to her position and responsibilities and whether she worked for more than forty hours per week, and on that basis Hershey denies these allegations.  Hershey admits that Anderson resigned her position at Hershey and that she was not paid overtime because she was an exempt employee.

58.    Hershey admits the allegations contained in Paragraph 58 of the First Amended Complaint.

59.    Hershey denies each and every allegation contained in Paragraph 59 of the First Amended Complaint except the following:  Hershey admits the allegation contained in Paragraph 59 of the First Amended Complaint that Hershey did not pay Smith overtime compensation.

60.    Hershey denies each and every allegation contained in Paragraph 60 of the First Amended Complaint except the following:  Hershey admits that Sedgeley was employed by Hershey from July 2007 through September 2007 as a sales representative.  Hershey admits that while a sales representative, Sedgeley was assigned to the "Denver" sales district.

61.    Hershey denies each and every allegation contained in Paragraph 61 of the First Amended Complaint except the following:  Hershey alleges that it is without sufficient information or knowledge to form a belief as to whether Sedgeley resigned out of frustration with Hershey's alleged changes to her position and responsibilities and

9

1    whether she worked for more than forty hours per week, and on that basis Hershey denies

2    these allegations.  Hershey admits that Sedgeley resigned her position at Hershey and that

3    she was not paid overtime because she was an exempt employee

4             62.    Hershey denies each and every allegation contained in Paragraph 62

5    of the First Amended Complaint except the following:  Hershey admits that Golin was

6    employed by Hershey from September 2007 through February 2008 as a sales

7    representative.  Hershey admits that while a sales representative, Golin was assigned to

8    the "Houston" sales district.

9             63.    Hershey denies each and every allegation contained in Paragraph 63

10   of the First Amended Complaint except the following:  Hershey alleges that it is without

11   sufficient information or knowledge to form a belief as to whether Golin resigned out of

12   frustration with Hershey's alleged changes to his position and responsibilities and whether

13   he worked for more than forty hours per week, and on that basis Hershey denies these

14   allegations; and Hershey admits that Golin resigned his position at Hershey and that he

15   was not paid overtime because he was an exempt employee.

16            64.    Hershey denies each and every allegation contained in Paragraph 64

17   of the First Amended Complaint except the following:  Hershey admits that McKeever

18   was employed by Hershey from February through September 2007 as a sales

19   representative.   Hershey admits that while a sales representative, McKeever was assigned

20   to the "Philadelphia" and "Baltimore/DC" sales districts.

21            65.    Hershey denies each and every allegation contained in Paragraph 65

22   of the First Amended Complaint except the following:  Hershey alleges that it is without

23   sufficient information or knowledge to form a belief as to whether McKeever resigned out

24   of frustration with Hershey's alleged changes to his position and responsibilities and

25   whether he worked for more than forty hours per week, and on that basis Hershey denies

26   these allegations; and Hershey admits that McKeever resigned his position at Hershey and

27   that he was not paid overtime because he was an exempt employee.

28

1        66.    Hershey denies each and every allegation contained in Paragraph 66

2 of the First Amended Complaint except the following:  Hershey admits that Miller was

3 employed by Hershey from August 2007 through January 2008 as a sales representative.

4 Hershey admits that while a sales representative, Miller was assigned to the "Denver"

5 sales district.

6        67.    Hershey denies each and every allegation contained in Paragraph 67

7 of the First Amended Complaint except the following:  Hershey alleges that it is without

8 sufficient information or knowledge to form a belief as to whether Miller resigned out of

9 frustration with Hershey's alleged changes to his position and responsibilities and whether

10 he worked for more than forty hours per week, and on that basis Hershey denies these

11 allegations; and Hershey admits that Miller resigned his position at Hershey and that he

12 was not paid overtime because he was an exempt employee.

13       68.    Hershey denies each and every allegation contained in Paragraph 68

14 of the First Amended Complaint except the following:  Hershey admits that Amicarella

15 was employed by Hershey from September 2005 through January 2008 as a sales

16 representative.  Hershey admits that while a sales representative, Amicarella was assigned

17 to the "Denver" sales district.

18       69.    Hershey denies each and every allegation contained in Paragraph 69

19 of the First Amended Complaint except the following:  Hershey alleges that it is without

20 sufficient information or knowledge to form a belief as to whether Amicarella resigned

21 out of frustration with Hershey's alleged changes to his position and responsibilities and

22 whether he worked for more than forty hours per week, and on that basis Hershey denies

23 these allegations; and Hershey admits that Amicarella resigned his position at Hershey

24 and that he was not paid overtime because he was an exempt employee.

25       70.    Hershey denies each and every allegation contained in Paragraph 70

26 of the First Amended Complaint except the following:  Hershey admits that Godfrey was

27 employed by Hershey from May 2001 through September 2007 as a sales representative.

28

1    Hershey admits that while a sales representative, Godfrey was assigned to the

2    "Philadelphia South," "Philadelphia" and "Baltimore/DC" sales districts.

3         71.    Hershey denies each and every allegation contained in Paragraph 71

4    of the First Amended Complaint except the following:  Hershey alleges that it is without

5    sufficient information or knowledge to form a belief as to whether Godfrey worked for

6    more than forty hours per week, and on that basis Hershey denies these allegations; and

7    Hershey admits that it did not pay Godfrey overtime because she was an exempt

8    employee.

9         72.    Hershey admits the allegation contained in Paragraph 72 that

10   Plaintiffs purport to bring this action on their own behalf and on behalf of all others

11   similarly situated pursuant to 29 U.S.C. § 216(b) and the Federal Rules of Civil

12   Procedure, Rule 23.  Hershey denies that any class or collective action is appropriate.

13        73.    Hershey admits that the allegations contained in Paragraph 73 set

14   forth Plaintiffs' proposed definitions of a "National Plaintiff Class" and a "California

15   Plaintiff Subclass."  Hershey denies that any such definition is appropriate or adequate,

16   and further denies that any class or collective action is appropriate.

17        74.    Hershey denies each and every allegation contained in Paragraph 74

18   of the First Amended Complaint.

19        75.    Hershey denies each and every allegation contained in Paragraph 75

20   of the First Amended Complaint except the following:  Hershey admits that the number of

21   RSRs in California and the United States can be ascertained from the company's business

22   records.

23        76.    Hershey denies each and every allegation contained in Paragraph 76

24   of the First Amended Complaint.

25        77.    Hershey denies each and every allegation contained in Paragraph 77

26   of the First Amended Complaint.

27        78.    Hershey denies each and every allegation contained in Paragraph 78

28

1 of the First Amended Complaint.

2   79. Hershey denies each and every allegation contained in Paragraph 79

3 of the First Amended Complaint.

4   80. Hershey denies each and every allegation in Paragraph 80 of the First

5 Amended Complaint except for the following:  Hershey alleges that it is without sufficient

6 information or knowledge to form a belief regarding the allegation that Plaintiffs have

7 incurred, and will continue to incur, expenses for costs and attorneys fees necessary for

8 the investigation and prosecution of this action, and it denies such allegation on that basis.

9   81. Hershey incorporates its responses to Paragraphs 1 through 80 of the

10 First Amended Complaint.

11   82. Hershey denies each and every allegation contained in Paragraph 82

12 of the First Amended Complaint except the following:  Hershey admits that it has been

13 and is engaged in "commerce."

14   83. Hershey denies each and every allegation contained in Paragraph 83

15 of the First Amended Complaint except the following:  The provisions of 29 U.S.C.

16 § 207(a)(1) are public record and no responsive pleading is required, but to the extent a

17 responsive pleading is necessary, Hershey denies each and every allegation in paragraph

18 83 of the First Amended Complaint.

19   84. Hershey denies each and every allegation contained in Paragraph 84

20 of the First Amended Complaint except the following:  Hershey admits that RSRs did not

21 receive overtime compensation from Hershey.

22   85. Hershey denies each and every allegation contained in Paragraph 85

23 of the First Amended Complaint except the following:  The provisions of 29 U.S.C.

24 §§ 207(a)(1) and 215(a)(2) are public record and no responsive pleading is required, but to

25 the extent a responsive pleading is necessary, Hershey denies each and every allegation in

26 paragraph 85 of the First Amended Complaint.

27   86. Hershey admits that the allegations contained in Paragraph 86 of the

28

13

1    First Amended Complaint purport to set forth Plaintiffs' proposed plan.  Hershey alleges

2    that it is without sufficient information or knowledge to form a belief regarding the

3    validity of the written consents to joinder filed with the court, and it denies the validity of

4    such consents on that basis.

5                 87.    Hershey admits that the allegations contained in Paragraph 87 of the

6    First Amended Complaint purport to set forth Plaintiffs' attempt to incorporate by

7    reference the written consent of joinder by each individual Plaintiff.  Hershey alleges that

8    it is without sufficient information or knowledge to form a belief regarding the validity of

9    the written consents to joinder filed with the court, and it denies the validity of such

10   consents on that basis.

11                88.    Hershey denies each and every allegation contained in Paragraph 88

12   of the First Amended Complaint.

13                89.    Hershey admits that the allegations contained in Paragraph 87 of the

14   First Amended Complaint purport to set forth that Plaintiffs seek judgment against

15   Hershey on their own behalf and on behalf of those members of the National Plaintiff

16   Class and that they seek unpaid wages, including overtime wages, liquidated damages,

17   costs, interest and attorneys' fees.  Hershey denies any allegation that damages for unpaid

18   wages, including overtime wages, liquidated damages, costs, interest, and attorneys' fees

19   are warranted.

20                90.    Hershey denies each and every allegation contained in Paragraph 90

21   of the First Amended Complaint except for the following:  Hershey admits the allegation

22   that Plaintiffs allege an actual controversy exists relating to the rights and duties of the

23   parties in this lawsuit.

24                91.    Hershey admits the allegation contained in Paragraph 91 of the First

25   Amended Complaint purports to set forth Plaintiffs' "desire" for a declaration as to the

26   validity of Hershey's classification of Plaintiffs and the National Plaintiff Class as

27   "outside salespersons" exempt from the FLSA.  Hershey denies any allegation that a

28

14

1    declaration is necessary or warranted.

2              92.    Hershey incorporates its responses to Paragraphs 1 through 91 of the

3    First Amended Complaint.

4              93.    Hershey denies each and every allegation contained in Paragraph 93

5    of the First Amended Complaint except the following:  Hershey admits that the California

6    Plaintiffs were employed by and performed work for Hershey for some period of time.

7              94.    Hershey denies each and every allegation contained in Paragraph 94

8    of the First Amended Complaint.

9              95.    Hershey denies each and every allegation contained in Paragraph 95

10    of the First Amended Complaint.

11              96.    The California Labor Code and/or Wage Orders issued by the

12    Industrial Welfare Commission ("IWC") are public record and no responsive pleading is

13    required.  To the extent a responsive pleading is necessary, Hershey denies each and every

14    allegation in paragraph 96 of the First Amended Complaint.

15              97.    Hershey's duties under the California Labor Code and/or Wage

16    Orders issued by the IWC are public record and no responsive pleading is required.  To

17    the extent a responsive pleading is necessary, Hershey denies each and every allegation in

18    paragraph 97 of the First Amended Complaint.

19              98.    Hershey denies each and every allegation contained in Paragraph 98

20    of the First Amended Complaint.

21              99.    California Labor Code § 512 is public record and no responsive

22    pleading is required.  To the extent a responsive pleading is necessary, Hershey denies

23    each and every allegation in paragraph 99 of the First Amended Complaint.

24              100.    Hershey's duties under California Labor Code § 512 are public record

25    and no responsive pleading is required.  To the extent a responsive pleading is necessary,

26    Hershey denies each and every allegation in paragraph 100 of the First Amended

27    Complaint.

28

101.    California Labor Code § 226.7 is public record and no responsive pleading is required.  To the extent a responsive pleading is necessary, Hershey denies each and every allegation in paragraph 101 of the First Amended Complaint.

102.    Hershey's duties under California Labor Code § 226.7 are public record and no responsive pleading is required.  To the extent a responsive pleading is necessary, Hershey denies each and every allegation in paragraph 102 of the First Amended Complaint.

103.    The requirements of IWC Wage Order No. 7-2001 are public record and no responsive pleading is required.  To the extent a responsive pleading is necessary, Hershey denies each and every allegation in paragraph 103 of the First Amended Complaint.

104.    IWC Wage Order No. 7-2001(11) is public record and no responsive pleading is required.  To the extent a responsive pleading is necessary, Hershey denies each and every allegation in paragraph 104 of the First Amended Complaint.

105.    IWC Wage Order No. 7-2001(12) is public record and no responsive pleading is required.  To the extent a responsive pleading is necessary, Hershey denies each and every allegation in paragraph 105 of the First Amended Complaint.

106.    Hershey's duties under IWC Wage Order No. 7-2001 are public record and no responsive pleading is required.  To the extent a responsive pleading is necessary, Hershey denies each and every allegation in paragraph 106 of the First Amended Complaint.

107.    Hershey denies each and every allegation contained in Paragraph 107 of the First Amended Complaint.

108.    California Labor Code § 226 is public record and no responsive pleading is required.  To the extent a responsive pleading is necessary, Hershey denies each and every allegation in paragraph 108 of the First Amended Complaint.

109.    California Labor Code § 1174 and IWC Wage Order 7-2001(7) are

16

1   public record and no responsive pleading is required.  To the extent a responsive pleading

2   is necessary, Hershey denies each and every allegation in paragraph 109 of the First

3   Amended Complaint.

4           110.    Hershey denies each and every allegation in paragraph 110 of the

5   First Amended Complaint except for the following:  Hershey's duties under California

6   Labor Code §§ 226 and 1174 and IWC Wage Order 7-2001(7) are public record and no

7   responsive pleading is required.  To the extent a responsive pleading is necessary,

8   Hershey denies the allegations concerning its duties under these provisions.

9           111.    Hershey denies each and every allegation contained in Paragraph 111

10  of the First Amended Complaint.

11          112.    Hershey incorporates its responses to Paragraphs 1 through 111 of the

12  First Amended Complaint.

13          113.    California Business and Professions Code § 17200 is public record

14  and no responsive pleading is required.  To the extent a responsive pleading is necessary,

15  Hershey denies each and every allegation in paragraph 113 of the First Amended

16  Complaint.

17          114.    Hershey denies each and every allegation contained in Paragraph 114

18  of the First Amended Complaint.

19          115.    Hershey denies each and every allegation contained in Paragraph 115

20  of the First Amended Complaint.

21          116.    Hershey denies each and every allegation contained in Paragraph 116

22  of the First Amended Complaint, except for the following:  Hershey admits that the

23  allegation purports to set forth the relief requested by the "California Plaintiffs," but

24  denies that any such relief is warranted.

25          117.    Hershey denies each and every allegation contained in Paragraph 117

26  of the First Amended Complaint.

27

28

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. C 08-1862 WDB

As for its Affirmative Defenses to all causes of action purported to be set forth against it in the First Amended Complaint, Hershey alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### Failure to State a Cause of Action

Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative members of the purported National Class and California Subclass defined in the First Amended Complaint, fail to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

### Statute of Limitations

Plaintiffs' claims, brought on behalf of themselves and the putative members of the purported National Class and California Subclass defined in the First Amended Complaint, or some of them, are barred in whole or in part by the applicable statutes of limitations, including, without limitation, the statute of limitations for claims under the Fair Labor Standards Act, 29 U.S.C. §§ 200 *et seq*., and the limitations periods prescribed in Sections 338 and 340 of the California Code of Civil Procedure and Section 17208 of the California Business & Professions Code.

## THIRD AFFIRMATIVE DEFENSE

### Failure to State a Cause of Action for Damages

Plaintiffs' claims, brought on behalf of themselves and the putative members of the purported National Class and California Subclass defined in the First Amended Complaint, and each of them, fail to state facts sufficient to constitute a cause of action against Hershey for compensatory damages, actual or consequential damages, special or incidental damages, disgorgement or restitution, statutory penalties, declaratory or injunctive relief, interest, or attorneys' fees and costs.

1

### FOURTH AFFIRMATIVE DEFENSE

2

<u>No Class/Collective Action</u>

3         Plaintiffs' claims, and each of them, brought on behalf of themselves and

4  the putative members of the purported National Class and California Subclass defined in

5  the First Amended Complaint, cannot and should not be maintained on a class or

6  collective action basis because those claims, and each of them, fail to meet the necessary

7  requirements for class or collective action certification including, *inter alia*, typicality,

8  commonality, numerosity, superiority, and adequacy of the class representative, and that

9  Plaintiffs are similarly situated to the putative collective action members.

10

### FIFTH AFFIRMATIVE DEFENSE

11

<u>Unconstitutional Class/Collective Action</u>

12        Under the circumstances of this case, certification of a class or collective

13  action would violate Hershey's rights under the United States Constitution and the

14  California Constitution.

15

### SIXTH AFFIRMATIVE DEFENSE

16

<u>No Standing</u>

17        Plaintiffs' claims, or some of them, brought on behalf of themselves and the

18  putative members of the purported National Class and California Subclass defined in the

19  First Amended Complaint, are barred in whole or in part because Plaintiffs lack standing.

20

### SEVENTH AFFIRMATIVE DEFENSE

21

<u>No "Willful" Violations ("Waiting Time Penalties")</u>

22        Neither Plaintiffs nor any putative California Subclass members are entitled

23  to "waiting time" penalties because Hershey's behavior was not willful within the

24  meaning of California Labor Code Section 203.

25

26

27

28

1        **EIGHTH AFFIRMATIVE DEFENSE**

2        No Prohibition on Meal/Rest Periods

3        Plaintiffs' third cause of action, brought on behalf of themselves and the

4 putative members of the purported California Subclass defined in the First Amended

5 Complaint, are barred in whole or in part because Plaintiffs and the putative class

6 members were free to take meal and rest breaks.

7        **NINTH AFFIRMATIVE DEFENSE**

8        Exhaustion of Administrative Remedies

9        Plaintiffs' third cause of action, brought on behalf of themselves and the

10 putative members of the purported California Subclass defined in the First Amended

11 Complaint, is barred in whole or in part for failure to satisfy and exhaust the

12 administrative prerequisites for bringing such claims.

13        **TENTH AFFIRMATIVE DEFENSE**

14        Cal. Lab. Code Section 226.7 Penalty / Section 17200

15        Plaintiffs' fourth cause of action, brought on behalf of themselves and the

16 putative members of the purported California Subclass defined in the First Amended

17 Complaint, in part, fails to state facts sufficient to constitute a cause of action because

18 California Labor Code Section 226.7 creates a penalty and not a wage for purposes of

19 California Business & Professions Code Section 17200.

20        **ELEVENTH AFFIRMATIVE DEFENSE**

21        Preemption

22        Plaintiffs' fourth cause of action, brought on behalf of themselves and the

23 putative members of the purported California Subclass defined in the First Amended

24 Complaint, and their prayer for relief are, in part, pre-empted by the federal Fair Labor

25 Standards Act ("FLSA") in that the application of California law to an alleged violation of

26 the FLSA would impermissibly frustrate and undermine the remedial framework adopted

27 by Congress for alleged violations of the FLSA, because: (i) Congress has mandated an

28

1   opt-in collective action procedure for claims under the FLSA, whereas Plaintiffs seek to

2   litigate their fourth cause of action as an opt-out class action pursuant to Rule 23 of the

3   Federal Rules of Civil Procedure; (ii) Congress has prescribed a two- or three-year statute

4   of limitations for alleged violations of the FLSA, whereas Plaintiffs seek to apply a four-

5   year statute of limitations under California Business and Professions Code §§ 17200 *et*

6   *seq.*; and (iii) Congress has mandated that only the federal government may seek an

7   injunction with respect to an alleged violation of the FLSA, whereas the private-party

8   Plaintiffs seek an injunction under Section 17200.

9                              **TWELFTH AFFIRMATIVE DEFENSE**

10                Unconstitutional Remedy - California Business & Professions Code

11          Any finding of liability pursuant to the California Business & Professions

12  Code would violate the Due Process Clauses of the United States and California

13  Constitutions because, *inter alia*, the standards of liability under the Business &

14  Professions Code are unduly vague and subjective, and permit retroactive, random,

15  arbitrary and capricious punishment that serves no legitimate governmental interest.

16                              **THIRTEENTH AFFIRMATIVE DEFENSE**

17                                         Excessive Fines

18          Any award of restitution pursuant to the California Business & Professions

19  Code, would violate the Excessive Fines and Due Process Clauses of the United States

20  and California Constitutions.

21                              **FOURTEENTH AFFIRMATIVE DEFENSE**

22                          Conduct Reasonable And In Good Faith/Not Willful

23          Plaintiffs' claims, brought on behalf of themselves and the putative

24  members of the purported National Class and California Subclass defined in the First

25  Amended Complaint, or some of them, are barred in whole or in part because Hershey has

26  at all times acted in good faith, in conformity with and in reliance on statute, common law

27  and the written administrative regulations, orders, rulings, guidelines, approvals and/or

28

1    interpretations of governmental agencies, and on the basis of a good-faith and reasonable

2    belief that it had complied fully with applicable wage and hour laws.

3    ### FIFTEENTH AFFIRMATIVE DEFENSE

4    Waiver, Discharge and Abandonment

5        Plaintiffs' claims, and the claims of each putative member of the purported

6    National Class and California Subclass set forth in the First Amended Complaint, or some

7    of them, are barred in whole or in part because such claims have been waived, discharged

8    and/or abandoned.

9    ### SIXTEENTH AFFIRMATIVE DEFENSE

10    Ratification

11        Plaintiffs' claims, and the claims of each putative member of the purported

12    National Class and California Subclass set forth in the First Amended Complaint, and

13    each of them, are barred in whole or in part by Plaintiffs' and the putative class members'

14    ratification of the conduct of which they complain.

15    ### SEVENTEENTH AFFIRMATIVE DEFENSE

16    Estoppel

17        Plaintiffs' claims, and the claims of each putative member of the purported

18    National Class and California Subclass set forth in the First Amended Complaint, or some

19    of them, are barred in whole or in part because Plaintiffs and the putative class members

20    are estopped by their own conduct to claim any right to damages or other monetary relief

21    from Hershey.

22    ### EIGHTEENTH AFFIRMATIVE DEFENSE

23    Setoff and Recoupment

24        If any damages have been sustained by Plaintiffs, or by any putative

25    members of the purported National Class and California Subclass defined in the First

26    Amended Complaint, although such is not admitted hereby or herein and is specifically

27    denied, Hershey is entitled under the equitable doctrine of setoff and recoupment to offset

28

1    all obligations owed by the Plaintiffs or putative class members to Hershey against any

2    judgment that may be entered against Hershey.

3    ## NINETEENTH AFFIRMATIVE DEFENSE

4    ### No Punitive Damages

5      To the extent Plaintiffs seek such relief, their causes of action, and each of

6    them, brought on behalf of themselves and the putative members of the purported

7    National Class and California Subclass defined in the First Amended Complaint, fail to

8    state facts sufficient to constitute a claim or prayer for punitive damages.

9    ## TWENTIETH AFFIRMATIVE DEFENSE

10   ### Adequate Remedy at Law

11     Injunctive relief is barred because Plaintiffs and the putative members of the

12   purported National Class and California Subclass defined in the First Amended Complaint

13   have an adequate remedy at law and/or other requirements for granting injunctive relief

14   cannot be satisfied.

15   ## TWENTY-FIRST AFFIRMATIVE DEFENSE

16   ### Attorneys' Fees

17     Hershey is entitled to recover all costs and attorneys' fees incurred herein

18   under California Civil Procedure Code § 128.7.

19   ## TWENTY-SECOND AFFIRMATIVE DEFENSE

20   ### Overtime Exemptions

21     Plaintiffs' claims, and the claims of each putative member of the purported

22   National Class and California Subclass set forth in the First Amended Complaint, and

23   each of them, are barred in whole or in part because Plaintiffs and the putative class

24   members were at all relevant times exempt from the overtime pay requirements of federal

25   and California law pursuant to the overtime exemptions for, *inter alia*, "administrative"

26   and/or "outside sales" employees.

27

28

1    **TWENTY-THIRD AFFIRMATIVE DEFENSE**

2    <u>No Jury Trial</u>

3        Plaintiffs are not entitled to have equitable issues or matters of law tried to a

4    jury, and Plaintiffs' demand for a jury trial should be so limited.

5

6        WHEREFORE, Hershey prays as follows:

7        1.    That the First Amended Complaint and each cause of action therein

8    be dismissed with prejudice;

9        2.    That Plaintiffs' requests for damages, remedies, fees, costs,

10    injunctive and declaratory relief, and other relief be denied in their entirety, and that

11    Plaintiffs take nothing by way of the First Amended Complaint;

12        3.    That Hershey be awarded its costs of suit, disbursements, and

13    attorney's fees herein; and

14        4.    That the Court order such other and further relief for Hershey as the

15    Court may deem just and proper.

16

17    Dated:  August 11, 2008.        O'MELVENY & MYERS LLP
                                        FRAMROZE M. VIRJEE
18                                      CHRIS A. HOLLINGER

19

20                                      By _____\s\ Chris A. Hollinger_____
                                            Chris A. Hollinger.
21                                      Attorneys for Defendant THE HERSHEY
                                        COMPANY
22

23    SF1:724595.1

24

25

26

27

28

24